IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| BROADBAND TECHNOLOGY INNOVATIONS, LLC, and PIE SQUARED LLC, | ) ) ) | |
| Plaintiffs, | ) ) ) | |
| v. | ) ) | C.A. No. _____ |
| VERIZON INTERNET SERVICES, INC.; GTE.NET LLC d/b/a VERIZON INTERNET SOLUTIONS; VERIZON SERVICES CORP.; TELESECTOR RESOURCES GROUP, INC. d/b/a VERIZON SERVICES GROUP; VERIZON CORPORATE SERVICES GROUP INC. d/b/a VERIZON SERVICES GROUP; VERIZON ADVANCED DATA INC.; VERIZON AVENUE CORP.; GTE SOUTHWEST INC. d/b/a VERIZON SOUTHWEST; and VERIZON DELAWARE INC., | ) ) ) ) ) ) ) ) ) ) ) ) | **JURY TRIAL DEMANDED** |
| Defendants. | ) ) ) | |

**COMPLAINT FOR PATENT INFRINGEMENT**
**AND DEMAND FOR JURY TRIAL**

Broadband Technology Innovations, LLC ("BBTI") and Pie Squared LLC ("Pie Squared") (collectively, "Plaintiffs") demand a jury trial, and complain against Verizon Internet Services, Inc., GTE.Net LLC d/b/a Verizon Internet Solutions, Verizon Services Corp., Telesector Resources Group, Inc. d/b/a Verizon Services Group, Verizon Corporate Services Group Inc. d/b/a Verizon Services Group, Verizon Advanced Data, Inc., Verizon Avenue Corp., GTE Southwest Inc. d/b/a Verizon Southwest, and Verizon Delaware Inc. (collectively "Defendants") as follows:

**THE PARTIES**

1.       BBTI is a limited liability corporation organized and existing under the laws of Delaware, with its principal place of business at 1875 K Street, N.W., Washington, D.C. 20006.  BBTI was incorporated under the name Mercury Communications I, LLC on March 4, 2004 and changed its name from "Mercury Communications I, LLC" to "Broadband Technology Innovations LLC" on September 29, 2005.

2.       Pie Squared is a limited liability corporation organized and existing under the laws of Delaware, with its principal place of business at 1875 K Street, N.W., Washington, D.C.  Pie Squared was incorporated on June 18, 2003.

3.       On information and belief, Verizon Internet Services, Inc. ("VIS") is a corporation organized and existing under the laws of the State of Delaware, with a principal place of business at 1880 Campus Commons Drive, Reston, Virginia.  Upon information and belief, VIS conducts throughout the United States, and acts as an agent for Verizon affiliates, including certain Defendants herein.

4.       On information and belief, GTE.Net LLC d/b/a Verizon Internet Solutions ("Verizon Internet Solutions") is a corporation organized and existing under the laws of the State of Delaware, with a principal place of business at 4055 Corporate Drive, #400, Grapevine, Texas.  Upon information and belief, Verizon Internet Solutions conducts substantial business throughout the United States and acts as an agent for Verizon affiliates, including certain Defendants herein.

5.       On information and belief, Verizon Services Corp. ("Verizon Services") is a corporation organized and existing under the laws of the State of Delaware, with a principal place of business at 1310 N. Court House Road, Arlington, Virginia.  Upon information

and belief, Verizon Services conducts substantial business throughout many states within the United States and acts as the agent for Verizon affiliates, including certain Defendants herein.

6.      On information and belief, Telesector Resources Group, Inc. d/b/a Verizon Services Group ("Verizon Services Group") is a corporation organized and existing under the laws of the State of Delaware, with a principal place of business at 104 West Street, New York, New York.   Upon information and belief, Verizon Services Group conducts substantial business throughout many states within the United States and acts as an agent for Verizon affiliates, including certain Defendants herein.

7.      On information and belief, Verizon Corporate Services Group Inc. d/b/a Verizon Services Group ("Verizon Corporate Services Group") is a corporation organized and existing under the laws of the State of New York, with a principal place of business at 140 West Street, New York, New York.  Upon information and belief, Verizon Corporate Services Group conducts substantial business throughout many states within the United States and acts as an agent for Verizon affiliates, including certain Defendants herein.

8.      On information and belief, Verizon Advanced Data, Inc. ("VADI") is a corporation organized and existing under the laws of the State of Delaware, with a principal place of business at 1320 N. Court House Road, Arlington, Virginia.  Upon information and belief, VADI conducts substantial business throughout many states within the United States, and acts as an agent for Verizon affiliates, including certain Defendants herein.

9.      On information and belief, Verizon Avenue Corp. ("Verizon Avenue") is a corporation organized and existing under the laws of the State of Delaware, with a principal place of business at 12901 Worldgate Drive, Herndon, Virginia.  Upon information and

belief, Verizon Avenue conducts substantial business throughout many states within the United States and acts as the agent for Verizon affiliates, including certain Defendants herein.

10.     Upon information and belief, GTE Southwest Inc. d/b/a Verizon Southwest ("Verizon Southwest") is a corporation organized and existing under the laws of the State of Delaware, with a principal place of business at 600 Hidden Ridge, Irving, Texas (with a business address at 1095 Avenue of the Americas, New York, New York).  Upon information and belief, Verizon Southwest conducts substantial business throughout many states within the United States.

11.     Upon information and belief, Verizon Delaware Inc. ("Verizon Delaware") is a corporation organized and existing under the laws of the State of Delaware, with a principal place of business at 901 Tatnall Street, Wilmington, Delaware.  Upon information and belief, Verizon Delaware conducts substantial business throughout many states within the United States.

### JURISDICTION AND VENUE

12.     This action arises under the patent laws of the United States, Title 35 of the United States Code.  This Court has jurisdiction over this action under 28 U.S.C. §§ 1331 and 1338(a).

13.     Venue is proper in this judicial district, pursuant to 28 U.S.C. § 1400(b).  Each Defendant is incorporated in this judicial district; has committed acts of infringement in this judicial district, which acts are continuing; and/or has already answered related claims of infringement in this judicial district.

## BACKGROUND

14.     On December 1, 1998, U.S. Patent No. 5,844,596 ("the '596 Patent") was duly and legally issued for an invention entitled "Two-way RF Communication at Points of Convergence of Wire Pairs from Separate Internal Telephone Networks," listing David D. Goodman as the inventor.  Robert Domnitz was later duly and lawfully added as a co-inventor.  A copy of the '596 patent is attached hereto as Exhibit A.

15.     On May 22, 2001, U.S. Patent No. 6,236,718 ("the '718 Patent") was duly and legally issued for an invention entitled "Video Transmission and Control System Utilizing Internal Telephone Lines," listing David D. Goodman as the inventor.  Robert Domnitz was later duly and lawfully added as a co-inventor.  A copy of the '718 Patent is attached hereto as Exhibit B.

16.     On June 5, 2001, U.S. Patent No. 6,243,446 ("the '446 Patent") was duly and legally issued for an invention entitled "Distributed Splitter for Data Transmission Over Twisted Pairs," listing David D. Goodman as the inventor.  Robert Domnitz was later added duly and lawfully as a co-inventor.  A copy of the '446 patent is attached hereto as Exhibit C.

17.     On April 1, 2003, U.S. Patent No. 6,542,585 ("the '585 Patent") was duly and legally issued for an invention entitled "Distributed Splitter For Data Transmission Over Twisted Wire Pairs," listing David D. Goodman as the inventor.  Robert Domnitz was later added duly and lawfully as a co-inventor.  A copy of the '585 Patent is attached hereto as Exhibit D.

18.     On November 29, 2005, U.S. Patent No. 6,970,537 ("the '537 Patent") was duly and legally issued for an invention entitled "Video Transmission and Control

System Utilizing Internal Telephone Lines," listing David D. Goodman as the inventor.  Robert Domnitz was added duly and lawfully as a co-inventor.  A copy of the '537 Patent is attached hereto as Exhibit E.

19.     Prior to June 30, 2003, Inline Connection Corporation ("Inline") was the owner of the entire right, title and interest in and to the '596, '718, '446, '585, and '537 Patents (the "Inline Patents").   On June 30, 2003, Inline entered into a "Bill of Sale and Assignment and Assumption Agreement" with Pie Squared under which Inline granted to Pie Squared a five percent interest in Inline's entire right, title and interest in and to the Inline Patents.  Today, Inline and Pie Squared together are the owners of all right, title and interest in and to the Inline Patents.  As owner of the Inline Patents, Pie Squared has standing under Article III of the U.S. Constitution to sue for acts of infringement.

20.     On March 4, 2004, BBTI, operating under its former name "Mercury Communications I, LLC", entered into agreement with Inline, through which BBTI became the exclusive licensee to, with a first right to sue for past, present, and future infringement of, the Inline Patents in the area of Digital Subscriber Line ("DSL") technology. As exclusive licensee to the Inline Patents in this area, BBTI has standing under Article III of the U.S. Constitution to sue for acts of infringement in this field of use.

21.     On April 6, 2005, Inline filed suit in the Eastern District of Virginia for infringement of the Inline Patents by Defendants, through their ongoing use, sale, and offer for sale of DSL Service.  On December 5, 2005, the Eastern District of Virginia transferred Inline's claims against Defendants to the District of Delaware under 28 U.S.C. § 1404(a), which claims are now pending in Civil Action No. 05-866 (JJF) of this Court.

22.     On March 28, 2006, Defendants filed a "Motion to Compel Discovery Regarding Threshold Jurisdictional 'Ownership' Issue", by which Defendants seek discovery related to the transfer of any rights to the Inline Patents, apparently contending that the March 4, 2004 agreement between Inline and BBTI constitutes an assignment of the Inline Patents.

23.     On April 4, 2006, Defendants jointly answered Inline's complaint in Civil Action No. 05-866, and VIS and Verizon Delaware filed counterclaims against Plaintiffs for a declaratory judgment of non-infringement, invalidity, and unenforceability of the Inline Patents.  Plaintiffs have answered those counterclaims and have filed their own counterclaims for infringement of the Inline Patents in Civil Action No. 05-866 against Defendants.

24.     Plaintiffs believe that Inline, as owner of the Inline Patents, has standing to sue for acts of infringement in its own name and on its own behalf, and thus is a proper plaintiff standing alone.  However, Plaintiffs file this complaint to ensure that this Court hears its claims against Defendants for infringement of the Inline Patents, whether any court dismisses Inline's original complaint for lack of subject matter jurisdiction.

25.     Plaintiffs will seek consolidation of the action that arises from this complaint with Civil Action No. 05-866 at the appropriate time to further ensure that all proper parties with an interest in Defendants' ongoing acts of infringement of the Inline Patents are represented in a single action over the entirety of which there can be no doubt that this Court retains subject matter jurisdiction.

## COUNT ONE

### <u>INFRINGEMENT OF THE '596 PATENT</u>
### (35 U.S.C. §§ 271 ET SEQ.)

26.     Plaintiffs repeat and incorporate herein the entirety of the allegations contained in paragraphs 1 through 24 above.

27.     Defendants have used, sold and/or offered to sell and, unless enjoined, will continue to use, sell and/or offer to sell, DSL Service that infringes one or more claims of the '596 Patent without license.

28.     By using, selling and/or offering for sale DSL Service, Defendants have directly and/or indirectly infringed, and, unless enjoined, will continue to directly and/or indirectly infringe, one or more claims of the '596 Patent under 35 U.S.C. § 271 (a), (b) (c), and/or (f), literally and/or under the doctrine of equivalents.

29.     On information and belief, Defendants have had notice of the '596 Patent.  Defendants' infringement of the '596 Patent under 35 U.S.C. § 271(a), (b), (c), and/or (f) has been and continues to be willful and deliberate.

30.     As a direct and proximate consequence of the acts and practices of Defendants, Plaintiffs have been, are being, and, unless such acts and practices are enjoined by the Court, will continue to be injured in its business and property rights, and have suffered, are suffering and will continue to suffer injury and damages for which they are entitled to relief under 35 U.S.C. § 284.

31.     As a direct and proximate consequence of the acts and practices of Defendants, Defendants have also caused, are causing, and unless such acts and practices are enjoined by the Court, will continue to cause irreparable harm to Plaintiffs for which there is no

adequate remedy at law, and for which Plaintiffs are entitled to permanent injunctive relief under 35 U.S.C. § 283.

## COUNT TWO
### INFRINGEMENT OF THE '718 PATENT
**(35 U.S.C. §§ 271 ET SEQ.)**

32.     Plaintiffs repeat and incorporate herein the entirety of the allegations contained in paragraphs 1 through 24 above.

33.     Defendants have used, sold and/or offered to sell and, unless enjoined, will continue to use, sell and/or offer to sell, DSL Service that infringes one or more claims of the '718 Patent without license.

34.     By using, selling and/or offering for sale DSL Service, Defendants have directly and/or indirectly infringed, and, unless enjoined, will continue to directly and/or indirectly infringe, one or more claims of the '718 Patent under 35 U.S.C. § 271 (a), (b) (c), and/or (f), literally and/or under the doctrine of equivalents.

35.     On information and belief, Defendants have had notice of the '718 Patent.  Defendants' infringement of the '718 Patent under 35 U.S.C. § 271(a), (b), (c), and/or (f) has been and continues to be willful and deliberate.

36.     As a direct and proximate consequence of the acts and practices of Defendants, Plaintiffs have been, are being, and, unless such acts and practices are enjoined by the Court, will continue to be injured in its business and property rights, and have suffered, are suffering and will continue to suffer injury and damages for which they are entitled to relief under 35 U.S.C. § 284.

37.     As a direct and proximate consequence of the acts and practices of Defendants, Defendants have also caused, are causing, and unless such acts and practices are

enjoined by the Court, will continue to cause irreparable harm to Plaintiffs for which there is no adequate remedy at law, and for which Plaintiffs are entitled to permanent injunctive relief under 35 U.S.C. § 283.

## COUNT THREE
## INFRINGEMENT OF THE '446 PATENT
### (35 U.S.C. §§ 271 ET SEQ.)

38.     Plaintiffs repeat and incorporate herein the entirety of the allegations contained in paragraphs 1 through 24 above.

39.     Defendants have used, sold and/or offered to sell and, unless enjoined, will continue to use, sell and/or offer to sell, DSL Service that infringes one or more claims of the '446 Patent without license.

40.     By using, selling and/or offering for sale DSL Service, Defendants have directly and/or indirectly infringed, and, unless enjoined, will continue to directly and/or indirectly infringe, one or more claims of the '446 Patent under 35 U.S.C. § 271 (a), (b) (c), and/or (f), literally and/or under the doctrine of equivalents.

41.     On information and belief, Defendants have had notice of the '446 Patent.  Defendants' infringement of the '446 Patent under 35 U.S.C. § 271(a), (b), (c), and/or (f) has been and continues to be willful and deliberate.

42.     As a direct and proximate consequence of the acts and practices of Defendants, Plaintiffs have been, are being, and, unless such acts and practices are enjoined by the Court, will continue to be injured in its business and property rights, and have suffered, are suffering and will continue to suffer injury and damages for which they are entitled to relief under 35 U.S.C. § 284.

43.     As a direct and proximate consequence of the acts and practices of Defendants, Defendants have also caused, are causing, and unless such acts and practices are enjoined by the Court, will continue to cause irreparable harm to Plaintiffs for which there is no adequate remedy at law, and for which Plaintiffs are entitled to permanent injunctive relief under 35 U.S.C. § 283.

**COUNT FOUR**

**INFRINGEMENT OF THE '585 PATENT**
**(35 U.S.C. §§ 271 ET SEQ.)**

44.     Plaintiffs repeat and incorporate herein the entirety of the allegations contained in paragraphs 1 through 24 above.

45.     Defendants have used, sold and/or offered to sell and, unless enjoined, will continue to use, sell and/or offer to sell, DSL Service that infringes one or more claims of the '585 Patent without license.

46.     By using, selling and/or offering for sale DSL Service, Defendants have directly and/or indirectly infringed, and, unless enjoined, will continue to directly and/or indirectly infringe, one or more claims of the '585 Patent under 35 U.S.C. § 271 (a), (b) (c), and/or (f), literally and/or under the doctrine of equivalents.

47.     On information and belief, Defendants have had notice of the '585 Patent.  Defendants' infringement of the '585 Patent under 35 U.S.C. § 271(a), (b), (c), and/or (f) has been and continues to be willful and deliberate.

48.     As a direct and proximate consequence of the acts and practices of Defendants, Plaintiffs have been, are being, and, unless such acts and practices are enjoined by the Court, will continue to be injured in its business and property rights, and have suffered, are

suffering and will continue to suffer injury and damages for which they are entitled to relief under 35 U.S.C. § 284.

49.     As a direct and proximate consequence of the acts and practices of Defendants, Defendants have also caused, are causing, and unless such acts and practices are enjoined by the Court, will continue to cause irreparable harm to Plaintiffs for which there is no adequate remedy at law, and for which Plaintiffs are entitled to permanent injunctive relief under 35 U.S.C. § 283.

## COUNT FIVE
## <u>INFRINGEMENT OF THE '537 PATENT</u>
### (35 U.S.C. §§ 271 ET SEQ.)

50.     Plaintiffs repeat and incorporate herein the entirety of the allegations contained in paragraphs 1 through 24 above.

51.     Defendants have used, sold and/or offered to sell and, unless enjoined, will continue to use, sell and/or offer to sell, DSL Service that infringes one or more claims of the '537 Patent without license.

52.     By using, selling and/or offering for sale DSL Service, Defendants have directly and/or indirectly infringed, and, unless enjoined, will continue to directly and/or indirectly infringe, one or more claims of the '537 Patent under 35 U.S.C. § 271 (a), (b) (c), and/or (f), literally and/or under the doctrine of equivalents.

53.     On information and belief, Defendants have had notice of the '537 Patent.  Defendants' infringement of the '537 Patent under 35 U.S.C. § 271(a), (b), (c), and/or (f) has been and continues to be willful and deliberate.

54.     As a direct and proximate consequence of the acts and practices of Defendants, Plaintiffs have been, are being, and, unless such acts and practices are enjoined by

the Court, will continue to be injured in its business and property rights, and have suffered, are

suffering and will continue to suffer injury and damages for which they are entitled to relief

under 35 U.S.C. § 284.

            55.     As a direct and proximate consequence of the acts and practices of

Defendants, Defendants have also caused, are causing, and unless such acts and practices are

enjoined by the Court, will continue to cause irreparable harm to Plaintiffs for which there is no

adequate remedy at law, and for which Plaintiffs are entitled to permanent injunctive relief under

35 U.S.C. § 283.

## DEMAND FOR TRIAL BY JURY

        Plaintiffs hereby demand a jury trial for all issues deemed to be triable by jury.

## PRAYER FOR RELIEF

        WHEREFORE, Plaintiffs pray for the entry of a judgment from this Court:

            a.     Declaring that the '596, '446, '718, '585, and '537 Patents were

duly and legally issued, and are valid and enforceable;

            b.     Declaring that each Defendant has directly and/or indirectly

infringed one or more claims of each of the '596, '446, '718, '585, and '537 Patents;

            c.     Awarding Plaintiffs damages including a reasonable royalty in

accordance with 35 U.S.C. § 284, including damages incurred after those proven at trial, for

which Plaintiffs request a post-verdict accounting;

            d.     Declaring that Defendants have willfully infringed one or more

claims of each of the '596, '446, '718, '585, and '537 Patents and awarding Plaintiffs treble

damages therefor;

    e.  Deeming this to be an "exceptional" case within the meaning of 35

U.S.C. § 285, entitling Plaintiffs to an award of its reasonable attorneys' fees, expenses, and

costs in this action;

    f.  Enjoining Defendants, and their respective officers, agents,

servants, representatives, employees, and attorneys, and those persons in active concert or

participation with them who receive actual notice of the order by personal service or otherwise,

from further acts of infringement under 35 U.S.C. § 271 of any one or more claims of each of the

'596, '446, '718, '585, and '537 Patents, pursuant to 35 U.S.C. § 283;

    g.  Awarding Plaintiffs its costs in connection with this action; and

    h.  Awarding Plaintiffs such other and further relief as this Court

deems just and proper.

OF COUNSEL:

Ralph A. Mittelberger
HELLER EHRMAN LLP
1717 Rhode Island Avenue, NW
Washington, DC  20036
202.912.2000

Alexander L. Brainerd
Michael K. Plimack
HELLER EHRMAN LLP
333 Bush Street
San Francisco, CA  94104-2878
415.772.6000

Robert C. Bertin
C. Joël Van Over
BINGHAM MCCUTCHEN LLP
3000 K Street, NW, Suite 300
Washington, DC  20007-5116
202.424.7581

Dated:  May 3, 2006
518675

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Julia Heaney*

_____
Mary B. Graham (#2256)
Julia Heaney (#3052)
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
302.658.9200

*Attorneys for Plaintiffs Broadband Technology
Innovations, LLC and Pie Squared LLC*