IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| BROADBAND TECHNOLOGY INNOVATIONS, LLC, and PIE SQUARED LLC, | ) ) ) | |
| Plaintiffs, Counterclaim-Defendants, | ) ) | |
| v. | ) ) | C.A. No. 06-291 (JJF) |
| VERIZON INTERNET SERVICES, INC., et al, | ) ) | **JURY TRIAL DEMANDED** |
| Defendants, Counterclaim-Plaintiffs. | ) ) ) | |

**JOINT REPLY OF BROADBAND TECHNOLOGY INNOVATIONS, LLC
AND PIE SQUARED LLC TO COUNTERCLAIMS OF VERIZON
INTERNET SERVICES, INC. AND VERIZON DELAWARE, INC.**

Plaintiffs and Counterclaim-Defendants Broadband Technology Innovations, LLC ("BBTI"); and Pie Squared LLC ("Pie Squared") (hereinafter, "Counterclaim-Defendants") in the above-captioned suit, hereby answer the Counterclaims of Defendants and Counterclaim-Plaintiffs Verizon Internet Services, Inc. ("VIS") and Verizon Delaware, Inc. ("Verizon Delaware") (collectively, "Counterclaim-Plaintiffs") as follows:

**COUNTERCLAIMS OF VIS AND VERIZON DELAWARE**

**PARTIES**

1.     Counterclaim-Defendants admit the allegations of Paragraph 1 of the Counterclaims.

2.     Counterclaim-Defendants admit the allegations of Paragraph 2 of the Counterclaims.

3.     Counterclaim-Defendants admit the allegations of Paragraph 3 of the Counterclaims.

4.      Counterclaim-Defendants admit the allegations of Paragraph 4 of the Counterclaims.

5.      Counterclaim-Defendants admit and allege that, before April of 2005, BBTI entered into a qualified exclusive license with Inline Connection Corporation ("Inline") relating to the '596, '718, '446, '585 and '537 patents ("the patents-in-suit") and that Inline granted Pie Squared a qualified five percent (5%) partial ownership interest in the patents-in-suit. Plaintiffs deny the remaining allegations in Paragraph 5 of the Counterclaims.

## JURISDICTION AND VENUE

6.      Counterclaim-Defendants admit the allegations of Paragraph 6 of the Counterclaims to the extent that they relate to Counterclaim-Defendants.   Counterclaim-Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 6 of the Counterclaims and on that basis deny each and every such allegation.

7.      Counterclaim-Defendants admit the allegations of Paragraph 7 of the Counterclaims.

## FIRST CAUSE OF ACTION AGAINST COUNTERCLAIM-DEFENDANTS
### (For Declaratory Judgment of Noninfringement and Invalidity of the Patents-in-Suit)

8.      Counterclaim-Defendants repeat and incorporate herein the entirety of their responses contained in Paragraphs 1 through 7 above in response to Paragraph 8 of the Counterclaims.

9.      Counterclaim-Defendants admit that they have alleged that Counterclaim-Plaintiffs use, sell, and offer for sale Digital Subscriber Line ("DSL") Service that infringes the patents-in-suit literally and/or under the doctrine of equivalents, under 35 U.S.C. § 271.  Except

as so expressly admitted, Counterclaim-Defendants deny each allegation of Paragraph 9 of the Counterclaims.

10.    Counterclaim-Defendants admit that they have filed suit against Counterclaim-Plaintiffs for infringement of the patents-in-suit and that there is a substantial and continuing controversy between Counterclaim-Defendants and Counterclaim-Plaintiffs on this issue.  Counterclaim-Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 10 of the Counterclaims and on that basis deny each and every such allegation.

11.    Counterclaim-Plaintiffs use, sell, and offer for sale DSL service that infringes the patents-in-suit.  Except as expressly averred, Counterclaim-Defendants deny the allegations of Paragraph 11 of the Counterclaims.

12.    Counterclaim-Defendants deny the allegations of Paragraph 12 of the Counterclaims.

13.    Counterclaim-Defendants deny the allegations of Paragraph 13 of the Counterclaims.

### SECOND CAUSE OF ACTION AGAINST COUNTERCLAIM-DEFENDANTS
**(For Declaratory Judgment of Unenforceability of the Patents-in-Suit)**

14.    Counterclaim-Defendants repeat and incorporate herein the entirety of their response contained in Paragraphs 1 through 13 above in response to Paragraph 14 of the Counterclaims.

15.    Counterclaim-Defendants deny the allegations of Paragraph 15 of the Counterclaims.

16.    Counterclaim-Defendants deny the allegations of Paragraph 16 of the Counterclaims.

17.    Counterclaim-Defendants admit and allege that in the 1980's David Goodman worked for Bolt Beranek and Newman, Inc. ("BBN"), conceived the inventions claimed in the patents-in-suit after terminating his employment with BBN, and filed an application for a patent on July 14, 1989.  Except as so expressly admitted and alleged, Counterclaim-Defendants deny each allegation Paragraph 17 of the Counterclaims.

18.    Counterclaim-Defendants are informed and believe that BellCore worked on the development of certain ADSL technology from the late 1980s through the early 1990s (although much of the work was secret at the time) that was intended to permit simultaneous transmission of video, and voice signals and other data signals, over at least a portion of "customer loops."  Except as expressly stated upon information and belief, Counterclaim-Defendants are without information or knowledge sufficient to form a belief as to the allegations in Paragraph 18 of the Counterclaim and on that basis deny them.

19.    Counterclaim-Defendants admit and allege that at some point in time after mid-1992, Mr. Goodman became aware of Bell Atlantic's plans to implement video on demand using ADSL technology.  Counterclaim-Defendants deny the remaining allegations of Paragraph 19 of the Counterclaims.

20.    Counterclaim-Defendants admit and allege that on December 5, 1991, David Goodman filed three CIP applications, and Counterclaim-Defendants refer the Court to the full text of those CIP applications for their contents.  Counterclaim-Defendants deny the remaining allegations in Paragraph 20 of the Counterclaims.

21.    Counterclaim-Defendants deny the allegations of Paragraph 21 of the Counterclaims.

22.    Counterclaim-Defendants deny the allegations of Paragraph 22 of the Counterclaims.

- 4 -

23.     Counterclaim-Defendants admit and allege that David Goodman is the president of Inline.  On information and belief, Counterclaim-Defendants admit that Goodman wrote to Bell Atlantic in March of 1993 concerning ADSL technology; that Goodman has discussed with potential Inline investors the application of Inline patents to ADSL technology; and that in May, 1993, Goodman and Inline announced that "his patent attorneys, Fish and Richardson of Boston, had determined that [Inline's] patent covers certain video on demand using ADSL developed by BellCore, and planned for introduction by Bell Atlantic this summer." Counterclaim-Defendants deny the remaining allegations in Paragraph 23 of the Counterclaims.

24.     Counterclaim-Defendants admit and allege that Goodman had various conversations with Bell Atlantic employees over several years concerning the inventions disclosed in the Inline-owned patent and related patent applications, Inline's patent rights and the use of these inventions in Bell Atlantic's video on demand or video dial tone planned products, which used ADSL.  Counterclaim-Defendants deny the remaining allegations of Paragraph 24 of the Counterclaims.

25.     Counterclaim-Defendants admit and allege that Goodman and Inline publicly stated that Inline's "patent and patent applications give Inline claim to many developments that will have significant impact on the communications industry including certain uses of the Asymmetric Digital Subscriber Line (ADSL) being tested by Bell Atlantic", video on demand, and that Inline disclosed to reporters for *The Wall Street Journal*, *The New York Times* and *The Washington Post* that "Inline has been advised by its patent attorneys, Fish & Richardson of Boston, that certain uses of an ADSL system would infringe its patent." Counterclaim-Defendants deny the remaining allegations in Paragraph 25 of the Counterclaims and allege that any document purportedly quoted speaks for itself.

26.     Counterclaim-Defendants admit that the '399 patent issued in April, 1991. Counterclaim-Defendants deny the remaining allegations of Paragraph 26 of the Counterclaims.

27.     Counterclaim-Defendants admit that Inline contacted a law firm at some point in mid-1993 to discuss enforcement of Inline's patent and Bell Atlantic's activities. Goodman and Inline were aware that the T1E1.4 committee was developing industry standards for ADSL systems.  Counterclaim-Defendants deny the remaining allegations in Paragraph 27 of the Counterclaims.

28.     Counterclaim-Defendants admit and allege that Goodman and Inline participated in various meetings of the T1E1.4 committee during 1993.  Counterclaim-Defendants deny the remaining allegations of Paragraph 28 of the Counterclaims.

29.     Counterclaim-Defendants admit that in 1993, Goodman stated "that Inline had been advised by its patent attorneys, Fish & Richardson of Boston, that certain applications of an ADSL system infringe its patent."  Counterclaim-Defendants deny the remaining allegations of Paragraph 29 of the Counterclaims.

30.     Counterclaim-Defendants deny the allegations in Paragraph 30 of the Counterclaims.

31.     Counterclaim-Defendants admit that Bell Atlantic wrote to Inline on January 25, 1994 and refer the Court to the full text of that correspondence for its contents. Counterclaim-Defendants deny the remaining allegations of Paragraph 31.

32.     Counterclaim-Defendants deny the allegations in Paragraph 32 of the Counterclaims.

33.     Counterclaim-Defendants admit the allegations in sentences one and two in Paragraph 33 of the Counterclaims, except to the extent the allegations suggest that Inline stated that all uses of ADSL infringe Inline's patent, and such allegations are denied to this

extent.  Counterclaim-Defendants further allege that any purportedly quoted document speaks for itself.  Counterclaim-Defendants deny the remaining allegations in Paragraph 33 of the Counterclaims.

34.      On information and belief, Counterclaim-Defendants admit and allege that the T1E1.4 committee met to review technical aspects and potential aspects of ADSL technology and its commercial use and to gather the views of those interested in or involved in the development of ADSL, from approximately 1991 to 1995, and later.  Counterclaim-Defendants further admit and allege, upon information and belief, that the T1E1.4 committee began working on standards primarily after early 1994.  Counterclaim-Defendants further admit and allege that Inline disclosed certain aspects and applications of the inventions described in the three December CIPs to various members of the T1E1.4 committee and the T1E1.4 committee. Counterclaim-Defendants deny the remaining allegations in Paragraph 34 of the Counterclaims.

35.      Counterclaim-Defendants deny the allegations in Paragraph 35 of the Counterclaims.

36.      Counterclaim-Defendants deny the allegations in Paragraph 36 of the Counterclaims.

37.      Counterclaim-Defendants admit that the originally submitted claims of the '596 patent were initially rejected for double patenting in light of the '399 patent; that Goodman filed a terminal disclaimer to overcome this rejection; and that the '569 patent issued on December 1, 1998.  Counterclaim-Defendants deny the remaining allegations in Paragraph 37 of the Counterclaims.

38.      Counterclaim-Defendants admit that the application that led to the '466 patent was filed with the PTO on July 27, 1999; that the '466 patent issued on June 5, 2001; that the application that led to the '585 patent was filed with the PTO on April 18, 2002; and that the

'585 patent issued on April 1, 2003. Counterclaim-Defendants admit that Goodman filed a terminal disclaimer and several amendments during the prosecution of both the '466 patent and the '585 patent. Counterclaim-Defendants deny the remaining allegations in Paragraph 38 of the Counterclaims.

39.     Counterclaim-Defendants admit and allege that the application that led to the '718 patent was filed with the PTO on April 16, 1999 and that the '718 patent issued on May 22, 2001. Counterclaim-Defendants also admit that during the prosecution of the application that led to the '718 patent, Goodman filed a terminal disclaimer. Counterclaim-Defendants deny the remaining allegations in Paragraph 39 of the Counterclaims.

40.     Counterclaim-Defendants admit that in June, 2002, Inline filed suit against Verizon Communications Inc. ("VCI") for infringement of the '596, '718, and '446 patents. Counterclaim-Defendants further admit that the '585 patent had not yet issued in June, 2002 and that in April and June of 2002, Inline also filed suit for infringement of the same patents against AOL and Earthlink respectively. Counterclaim-Defendants deny the remaining allegations in Paragraph 40 of the Counterclaims.

41.     Counterclaim-Defendants admit that VCI contended that, as a holding company, it was not subject to suit for patent infringement and that in response, Inline did not seek to add any party to that lawsuit. Counterclaim-Defendants deny the remaining allegations in Paragraph 41 of the Counterclaims.

42.     Counterclaim-Defendants admit that the lawsuits filed against AOL and Earthlink are still pending and active. On information and belief, Counterclaim-Defendants admit and allege that Inline informed Verizon counsel that it would bring suit against Verizon or Verizon affiliates based on the outcomes in its cases against AOL and EarthLink. Counterclaim-Defendants deny the remaining allegations in Paragraph 42 of the Counterclaims.

43.     Counterclaim-Defendants admit that Inline filed suit against Counterclaim-Plaintiffs and multiple other Verizon entities in the Eastern District of Virginia. Counterclaim-Defendants deny the remaining allegations in Paragraph 43 of the Counterclaims.

44.     Counterclaim-Defendants admit that in Inline's Complaint filed on April 6, 2005 in the Eastern District of Virginia, Inline alleged that: "Inline is the owner of all right, title and interest in and to the '596, '718, '446, and '585, patents". Counterclaim-Defendants deny the remaining allegations in Paragraph 44 of the Counterclaims.

45.     Counterclaim-Defendants admit that the defendants in the Virginia action filed a motion to transfer this action to this Court, which motion Inline opposed. Counterclaim-Defendants admit that Inline is a Virginia corporation. Counterclaim-Defendants deny the remaining allegations in Paragraph 45 of the Counterclaims.

46.     Counterclaim-Defendants admit that Inline has taken the position that the transferred action from Virginia should be stayed pending resolution of the AOL/Earthlink actions. Counterclaim-Defendants deny the remaining allegations in Paragraph 46 of the Counterclaims.

47.     Counterclaim-Defendants deny the allegations in Paragraph 47 of the Counterclaims.

*     *     *

Counterclaim-Defendants hereby deny each and every allegation of the Counterclaims not specifically admitted herein.

## <u>DEMAND FOR TRIAL BY JURY</u>

Plaintiffs hereby demand a jury trial for all issues deemed to be triable by jury.

## PRAYER FOR RELIEF

With respect to Counterclaim-Plaintiffs' Prayer for Relief, Counterclaim-Defendants deny that Counterclaim-Plaintiffs are entitled to the relief sought, or to any other relief.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Mary B. Graham (#2256)*

Mary B. Graham (#2256)
Julia Heaney (#3052)
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
302.658.9200

*Attorneys for Plaintiffs Broadband Technology Innovations, LLC and Pie Squared LLC*

OF COUNSEL:

Ralph A. Mittelberger
HELLER EHRMAN LLP
1717 Rhode Island Avenue, NW
Washington, DC  20036
202.912.2000

Alexander L. Brainerd
Michael K. Plimack
HELLER EHRMAN LLP
333 Bush Street
San Francisco, CA  94104-2878
415.772.6000

Robert C. Bertin
C. Joël Van Over
BINGHAM MCCUTCHEN LLP
3000 K Street, NW, Suite 300
Washington, DC  20007-5116
202.424.7581

Dated:  June 19, 2006
525399

## CERTIFICATE OF SERVICE

I hereby certify that on June 19, 2006, I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF which will send electronic notification of such filing to the following:

Jeffrey B. Bove
CONNOLLY BOVE LODGE & HUTZ LLP
1007 N. Orange Street
P.O. Box 2207
Wilmington, DE 19801-2207

Kevin M. Baird
WOMBLE CARLYLE SANDRIDGE & RICE, PLLC
222 Delaware Avenue, 15th Floor
Wilmington, DE 19801

Additionally, I hereby certify that true and correct copies of the foregoing were caused to be served on June 19, 2006 upon the following individuals in the manner indicated:

**BY E-MAIL AND HAND DELIVERY**

Jeffrey B. Bove
CONNOLLY BOVE LODGE & HUTZ LLP
1007 N. Orange Street
P.O. Box 2207
Wilmington, DE 19801-2207

Kevin M. Baird
WOMBLE CARLYLE SANDRIDGE & RICE, PLLC
222 Delaware Avenue, 15th Floor
Wilmington, DE 19801

**BY E-MAIL**

John B. Wyss
Kevin P. Anderson
WILEY REIN & FIELDING LLP
1776 K Street, N.W.
Washington, DC  20006

*/s/ Mary B. Graham (#2256)*

Mary B. Graham (#2256)

525434