IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| Broadband Technology Innovations, LLC, et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>Verizon Internet Services, Inc., et al.,<br><br>    Defendants. | Civil Action No. 06-291 (JJF) |
| Verizon Internet Services, Inc. and<br>Verizon Delaware, Inc.,<br><br>    Counterclaim-Plaintiffs,<br><br>v.<br><br>Broadband Technology Innovations, LLC, and<br>Pie Squared LLC,<br><br>    Counterclaim-Defendants. | Civil Action No. 06-291 (JJF) |

**VERIZON DEFENDANTS' STATEMENT REGARDING PRETRIAL SCHEDULING**

In response to the Court's December 5, 2006 letter to counsel, the Verizon Defendants believe that a conference with the Court to discuss pretrial scheduling in the above-referenced action is necessary. To this end, Verizon Defendants' counsel has contacted Case Manager Debbie Krett, as directed in the Court's letter.

The Verizon Defendants have been advised that Plaintiffs will unilaterally submit a proposed order that would stay this action on the same basis as *Inline Connection v. Verizon Internet Services*, et al., CA. No. 05-866-JJF (hereinafter "*Inline v. Verizon*") pending the outcome in the related *AOL/EarthLink* actions currently before Magistrate Judge Thynge.[1] The

---

[1] *Inline Connection Corp. v. AOL Time Warner, Inc., et al.*, C.A. No. 02-272-MPT, and *Inline Connection Corp. v. EarthLink, Inc.*, C.A. No. 02-477-MPT.

Verizon Defendants believe that Plaintiffs submission of such a proposed order is not appropriate and should not be considered until after the requested Court conference is held at which the parties can apprise the Court of all the relevant circumstances. In particular, the Verizon Defendants request the opportunity to discuss with the Court the following matters:

1.  The Verizon Defendants recently located and produced to Plaintiffs' counsel, who also represent Inline Connection Corp. ("Inline"), prior art references that fully anticipate the asserted claims of the common patents at issue in this action and in the co-pending *AOL/EarthLink* cases. This Court previously stayed the *Inline v. Verizon* litigation "pending an outcome in the two related cases in the District of Delaware [*i.e.*, the *AOL/EarthLink* actions]," but permitted Defendants "to proceed with discovery as to their unenforceability and invalidity defenses" (D.I. 92). Consistent with the Court's order, the Verizon Defendants located and produced to Inline and Plaintiffs' counsel – as well as to AOL and EarthLink – documents concerning three fully-anticipatory Section 102(b) references: (a) the AT&T/Coherent system; (b) the Ithell & Jones Article; and (c) the Seiscor IDVC Technical Manual.

2.  AOL's and EarthLink's invalidity expert submitted a supplemental expert report in the *AOL/EarthLink* litigation explaining in detail how the first two references anticipate and therefore invalidate all of the claims at issue.[2] Inline has not offered any substantive response disputing Section 102(b) anticipation. Instead, Inline has filed motion papers seeking to foreclose Judge Thynge's consideration of the newly-identified invalidating prior art on purely procedural grounds.[3]

---

[2]   The new Seiscor IDVC Technical Manual was not discussed in the supplemental expert report because it was not produced until several weeks later.

[3]   See *AOL/EarthLink* D.I. 526, 534 and 580.

3. Inline's attempt to foreclose consideration of the newly-identified Section 102(b) references in the *AOL/EarthLink* actions negates the fundamental premise of Inline's motion to stay the *Inline v. Verizon* litigation – *i.e.*, "If the AOL defendants secure rulings on issues relating to the asserted patents [in the *AOL/EarthLink* cases], the ruling might well remove those same issues from this case" (D.I. 81 at p.6). In addition, Inline's attempt to exclude the newly-identified references from the *AOL/EarthLink* litigation <u>would result in a tremendous waste of judicial time and resources</u>, since any trial in *AOL/EarthLink* that does not include the AT&T/Coherent, Ithell & Jones, and Seiscor prior art would be a nullity once those references are considered and the patents invalidated in either *Inline v. Verizon* or this action.

4. In order to avoid a wasted, multi-week jury trial in the *AOL/EarthLink* cases, as well as potential prejudice to the Verizon Defendants from any validity decision in that case that does not consider the recently-located Section 102(b) references, the Verizon Defendants request leave to file a motion for summary judgment of patent invalidity based on (1) the Ithell & Jones Article and (2) the Seiscor IDVC Technical Manual. Each of these references is self-authenticating, relatively brief, independent and autonomous.

Given these circumstances, the Verizon Defendants respectfully request that the Court modify its standard pretrial scheduling order in the form attached hereto as Exhibit A to permit the filing of an early motion for summary judgment of patent invalidity based on the Ithell & Jones Article and the Seiscor IDVC Technical Manual. Such a motion is appropriate because:

- There can be no factual dispute regarding the authenticity and contents of each of these two Section 102(b) references.

- Inline's and Plaintiffs' positions and admissions regarding claim construction are already a matter of record in the *AOL/EarthLink* cases.

- Each of the references clearly and explicitly discloses each claim element, thereby rendering the patent claims invalid as anticipated.

3

Respectfully submitted,

OF COUNSEL:
John B. Wyss
Kevin P. Anderson
WILEY REIN & FIELDING LLP
1776 K Street NW
Washington, DC  20006
Telephone:  202.719.7000
Facsimile:   202.719.7049

Dated:    December 20, 2006

By:  _/s/  Jeffrey B. Bove_
    Jeffrey B. Bove (#998)
    CONNOLLY BOVE LODGE & HUTZ LLP
    The Nemours Building
    1007 North Orange Street, Suite 878
    Wilmington, DE  19801
    Telephone:  302.658.9141
    Facsimile:   302.658.5614

Counsel for Verizon Defendants

**CERTIFICATE OF SERVICE**

I hereby certify that on the 20th day of December, 2006 a true copy of the *Verizon Defendants' Statement Regarding Pretrial Scheduling* was sent to plaintiffs' and counterclaim-defendants' counsel, in the manner indicated, upon:

| | |
|---|---|
| Michael K. Plimack, Esq.<br>Alexander L. Brainerd, Esq.<br>HELLER EHRMAN LLP<br>333 Bush Street<br>San Francisco, California 94104<br>Alexander.Brianerd@hellerehrman.com<br>Michael.Plimack@hellerehrman.com | (Served electronically and by overnight delivery) |
| Carl S. Nadler, Esq.<br>Heller Ehrman White & McAuliffe LLP<br>1717 Rhode Island Avenue, NW<br>Washington, DC  20036<br>carl.nadler@hellerehrman.com | (Served electronically and by overnight delivery) |
| C. Joël Van Over, Esq.<br>BINGHAM MCCUTCHEN LLP<br>3000 K Street, NW, Suite 300<br>Washington, DC 20007-5116<br>joel.vanover@bingham.com | (Served electronically and by overnight delivery) |
| Julia Heaney, Esq.<br>MORRIS NICHOLS ARSHT & TUNNELL LLP<br>1201 N. Market Street<br>Post Office Box 1347<br>Wilmington, Delaware 19899-1347<br>jheaney@mnat.com | (Served by hand delivery) |

*/s/ Jeffrey B. Bove*
Jeffrey B. Bove (#998)
Telephone: (302) 658-9141

Exhibit A

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| Broadband Technology Innovations, LLC, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>Verizon Internet Services, Inc., et al.,<br><br>Defendants. | Civil Action No. 06-291 (JJF) |
| Verizon Internet Services, Inc. and<br>Verizon Delaware, Inc.,<br><br>Counterclaim-Plaintiffs,<br><br>v.<br><br>Broadband Technology Innovations, LLC, and<br>Pie Squared LLC,<br><br>Counterclaim-Defendants. | Civil Action No. 06-291 (JJF) |

**[PROPOSED] RULE 16 SCHEDULING ORDER**

The parties having satisfied their obligations under Fed. R. Civ. P. 26(f).

IT IS ORDERED that:

1. **Pre-Discovery Disclosures.** The parties have exchanged the information required by Fed. R. Civ P. 26(a) (1) and D. Del. LR 16.2.

2. **Joinder of other Parties.** All motions to join other parties shall be filed on or before January 30, 2007.

3. **Dispositive Motion on Anticipation.** Defendants shall file a dispositive motion regarding patent invalidity based on the Ithell & Jones Article and the Seiscor IDVC Technical Manual on or before February 5, 2007. Briefing shall be pursuant to D. Del. LR 7.1.2.

4. **Discovery.**

(a) Exchange and completion of contention interrogatories, identification of fact witnesses and document production shall be commenced so as to be completed by October 1, 2007.

(b) Maximum of 50 interrogatories, including contention interrogatories, for each side.

(c) No limit on requests for admission by each side.

(d) Maximum of one hundred forty (140) hours of depositions by plaintiffs and one hundred forty (140) hours by defendants, excluding expert depositions. Individual depositions may exceed seven hours for good cause shown.

(e) Reports from retained experts required by Fed. R. Civ. P. 26(a) (2) are due from the plaintiffs by October 15, 2007; from the defendants by November 19, 2007.

(f) Any party desiring to depose an expert witness shall notice and complete said deposition no later than thirty (30) days from receipt of said expert's report, unless otherwise agreed in writing by the parties or ordered by the Court.

5. **Discovery Disputes.** Discovery disputes will be resolved in accordance with the procedures set forth in the Court's December 15, 2006 Order regarding a change of procedures for filing non-case dispositive motions in patent cases.

6. **Amendment of the Pleadings.** All motions to amend the pleadings shall be filed on or before August 6, 2007.

7. **Case Dispositive Motions.** Except as set forth in paragraph 3 above, any case dispositive motions, pursuant to the Federal Rules of Civil Procedure, shall be served and filed with an opening brief on or before January 11, 2008. Briefing shall be pursuant to D. Del. LR 7.1.2. Except as provided in paragraph 3 above, no case dispositive motion may be filed more

than ten (10) days from the above date without leave of the Court. The Court will issue a separate Order regarding procedures for filing summary judgment motions.

8. **Markman.** A Markman Hearing will be held on August 13, 2007. Briefing on the claim construction issues shall be completed at least ten (10) business days prior to the hearing. The Court, after reviewing the briefing, will allocate time to the parties for the hearing.

9. **Applications by Motion.**

(a)  Any applications to the Court shall be by written motion filed with the Clerk of the Court in compliance with the Federal Rules of Civil Procedure and the Local Rules of Civil Practice for the United States District Court for the District of Delaware (Amended Effective January 1, 1995). Any non-dispositive motion shall contain the statement required by D. Del. LR 7.1.1. Parties may file stipulated and unopposed Orders with the Clerk of the Court for the Court's review and signing. The Court will not consider applications and requests submitted by letter or in a form other than a motion.

(b)  No facsimile transmissions will be accepted.

(c)  No telephone calls shall be made to Chambers.

(d)  Any party with a true emergency matter requiring the assistance of the Court shall e-mail Chambers at: jjf_civil@ded.uscourts.gov. The e-mail shall provide a short statement describing the emergency.

10. **Pretrial Conference and Trial.** After reviewing the parties' Proposed Scheduling Order, the Court will schedule a Pretrial Conference.

The Court will determine whether the trial date should be scheduled when the Scheduling Order is entered or at the Pretrial Conference. If scheduling of the trial date is deferred until the

Pretrial Conference, the parties and counsel shall anticipate and prepare for a trial to be held within sixty (60) to ninety (90) days of the Pretrial Conference.

_____                          _____
DATE                                                                                        UNITED STATES DISTRICT JUDGE