IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| INLINE CONNECTION CORPORATION, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 05-866 (JJF) |
| | ) | |
| VERIZON INTERNET SERVICES, INC., et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| | ) | |
| BROADBAND TECHNOLOGY INNOVATIONS, LLC, and PIE SQUARED LLC, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | C.A. No. 06-291 (JJF) |
| | ) | |
| VERIZON INTERNET SERVICES, INC., et al., | ) | |
| | ) | |
| Defendants. | ) | |

**PLAINTIFFS' STATEMENT
REGARDING PROPOSED SCHEDULING ORDER**

The Court's December 5, 2006 letter in C.A. No. 06-291-JJF ("*Broadband*") requested that the parties submit a joint Proposed Pretrial Scheduling Order. The parties have been unable to agree on a proposal for how this case should proceed and accordingly, are separately submitting their proposals.[1]

As explained below, plaintiffs propose that the Court consolidate C.A. No. 06-291-JJF with a related infringement action on the same patents, *Inline Connection Corp. v.*

---

[1] In the Verizon Defendants' Statement Regarding Pretrial Scheduling, Verizon states that they were "advised that Plaintiffs will unilaterally submit a proposed order…." (D.I. 21 at 1). In fact, plaintiffs provided Verizon with a draft proposed scheduling order several days in advance of the filing deadline.

*Verizon Internet Services, Inc., et al.,* C.A. No. 05-866-JJF ("*Inline*"), and that it extend to the *Broadband* case the same stay the Court entered in the *Inline* case on April 13, 2006 (D.I. 92). Plaintiffs have separately set forth this request by way of formal motion filed today relying on the grounds set forth in this statement (D.I. Nos. 22 and 151, respectively).

      A.    **The Court Should Consolidate This Case With the *Inline* Litigation and Extend the *Inline* Stay to This Action.**

Plaintiffs filed the *Broadband* case solely as a "back-up" to the *Inline* litigation after Verizon claimed Inline lacked standing because it was not the proper owner of the patents-in-suit. *See* D.I. 02. Verizon asserted that Inline lacked standing to pursue the suit because BBTI and Pie-Squared are the proper owners of the patents-in-suit. C.A. No. 05-866, D.I. 124. While Inline believes Verizon's position is meritless, BBTI and Pie-Squared filed the *Broadband* case (which is substantively identical to the *Inline* case) as a "belt-and-suspenders" guarantee that the infringement claims would be heard on the merits. When the *Broadband* case was filed, plaintiffs (BBTI and Pie-Squared) explained to the Court the reason for filing the second case and alerted the Court that it would be seeking consolidation of the two actions (and a stay of the second action) in the interests of efficiency and so that all parties with an interest in the case would be represented in a single action. (D.I. 02).

The *Inline* case is currently stayed pending the February 2007 trial in Inline's related suits against AOL and Earthlink, C.A. Nos. 02-272-MPT and 02-477-MPT ("the *AOL/Earthlink* cases"). A stay of the *Inline* case has made sense because the same patents are at issue in all cases and because determination of claim construction and infringement in the *AOL/Earthlink* cases may help determine infringement in the *Inline* case. The Court's stay order recognized the merits of a stay, but allowed discovery on validity out of a concern that witnesses and evidence relating to twenty-year-old events could be lost during the period of the stay. C.A.

No. 05-866, D.I. 92, at 3-4.

The *Inline* case is at a very early stage of discovery. As the Court noted in granting the stay, "discovery is in the beginning stages and a date for trial has not yet been set." *Id.,* at 3. The parties have engaged in very limited documentary discovery, no depositions have been taken, and no scheduling order has been entered. Thus, the expert stage of discovery is necessarily a long way off. Since the parties correctly view this case as a mere "backup" to the *Inline* case, there has been *no* independent discovery.

Because the *Broadband* case is simply a "backup" to the *Inline* case, identical in all substantive respects, we submit that the Court should consolidate the cases and extend the *Inline* stay to the *Broadband* case. The Court's reasoning in staying *Inline* applies with equal force. Moreover, if there were a final ruling that Inline *has* standing by itself to assert the patents in suit, this second case will turn out to have been unnecessary.

      **B.**    **Verizon's Proposal to Bring Immediate Summary Judgment on Limited Issues is Unworkable and Unfair**

Verizon has refused to agree to an extension of the *Inline* stay to the *Broadband* case. Continuing its quest to have *its* issues litigated before plaintiffs have had a chance to develop their side of the case, Verizon seeks permission to present a dispositive motion based on a theory that the patents in suit were anticipated by three prior art references. As explained below, Verizon's proposal is unworkable and unfair.

           **1.**    **The Case Is Not Ripe For A Summary Judgment Motion On Anticipation Because The Claims Have Not Been Construed**

A determination of anticipation involves two steps: construing the claim and comparing the construed claim to the prior art. *Key Pharmaceuticals v. Hercon Laboratories Corp.*, 161 F.3d 709 (Fed. Cir. 1998). There has been no claim construction in the related *Inline* case, much less the *Broadband* litigation. Though claim construction in the *Broadband* case will

likely be informed by the claim construction in the *AOL* case, even the claim construction in that case is not yet complete. Moreover, the claim construction in *AOL* is subject to modification in its upcoming trial.

Not only has there been no claim construction to inform the court's decision on the issue of anticipation, the work precedent to a determination of claim construction has not been completed. No *Markman* hearing is scheduled in either the *Inline* or the *Broadband* cases, and no *Markman* briefs have been prepared or exchanged.

### 2. It Is Premature To Consider A Dispositive Motion On Anticipation

Equally important, there has been no expert discovery, which will likely be necessary for adjudicating any anticipation claim. In fact, Defendants have not even provided plaintiffs with adequate notice of their basis for anticipation. On October 19, 2006, Defendants served supplemental responses to Plaintiff's interrogatories 9-11. Claim charts were included in these responses as an attachment in which Defendants purported to show how two of the references they now seek to use in their summary judgment motion (the AT&T/Coherent System and the Ithell & Jones article) anticipate claim 61 of the '596 patent, claim 1 of the '446 patent, and claim 1 of the '585 patent. Another claim chart, produced in discovery, purports to show how the third reference (the Seiscor IDVC Technical Manual) anticipates the same claims. Defendants, however, have provided no information as to how the three references anticipate any of the remaining eleven asserted claims[2]. Further, setting the deficiency of the claim charts

---

[2] Plaintiffs have also asserted infringement of claims '596:47; '446:2-6; and '585: 2-4, 8 and 9. Even if the three independent claims referenced above are held to be invalid the remaining dependent claims of the '596, '446, and '585 patents would not be invalid. 35 U.S.C. §282 (1994) ("dependent . . . claims shall be presumed valid even though dependent upon an invalid claim."); *see also Bausch & Lomb, Inc. v. Barnes-Hind/Hydrocurve, Inc.*, 796 F.2d 443, 446 (Fed. Cir. 1986)

aside, plaintiffs will need to conduct substantial fact discovery to fully understand the allegedly anticipatory references. This discovery will, at least, include document requests and deposition testimony. It is highly likely that there will be fact issues concerning the alleged anticipatory references.

### 3. Allowing Defendants To File A Summary Judgment Motion On Anticipation At This Point Would Be Fundamentally Unfair

We submit that Verizon is in effect seeking to misuse the Court's stay to gain a sequencing advantage in which *its* side of the case is litigated before plaintiffs can even begin discovery on the issues they care about. The Court limited the stay to allow validity discovery *only* because "many of the events pertaining to the defenses occurred close to twenty years ago, and as a result, witnesses are forgetting or dying and evidence is being lost or destroyed." D.I. 92, at 4. In order to preserve evidence, the Court allowed Defendants to seek discovery on these issues.

Defendants, however, now seek to overstep the bounds of the Court's ruling in order to create a tactical advantage. Defendants' proposed motion has nothing to do with the discovery the Court allowed. It would be fundamentally unfair and contrary to the Court's purpose in allowing validity discovery, to allow Defendants to file a dispositive motion on anticipation when Plaintiffs are unable to file concurrent dispositive motions on issues such as infringement, due to the stay.[3]

---

[3] Defendants assert that their proposed motion would "avoid a wasted, multi-week jury trial" in the *AOL* case (D.I. 21 at 3), but fail to explain how the filing of a summary judgment motion in this case would avoid trial in the *AOL* case, particularly when they propose to file their motion on the day that trial is scheduled to begin in *AOL*. Furthermore, the *AOL* trial is scheduled for six days, not multiple weeks.

**Conclusion**

For the foregoing reasons, Plaintiffs request that the Court consolidate the *Broadband* case with the *Inline* litigation and extend the stay to both cases as set forth in the attached Proposed Order.

                MORRIS, NICHOLS, ARSHT & TUNNELL LLP

                _____
                Mary B. Graham (#2256)
                Julia Heaney (#3052)
                1201 North Market Street
                P.O. Box 1347
                Wilmington, DE 19899
                302.658.9200

                *Attorneys for Plaintiff Inline Connection Corporation and Plaintiffs Broadband Technology Innovations, LLC and Pie Squared LLC*

OF COUNSEL:

Carl S. Nadler
HELLER EHRMAN LLP
1717 Rhode Island Avenue, NW
Washington, DC  20036
202.912.2000

Alexander L. Brainerd
Michael K. Plimack
HELLER EHRMAN LLP
333 Bush Street
San Francisco, CA  94104-2878
415.772.6000


Dated:  December 20, 2006
549634

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| INLINE CONNECTION CORPORATION, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 05-866 (JJF) |
| | ) | |
| VERIZON INTERNET SERVICES, INC., et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| BROADBAND TECHNOLOGY INNOVATIONS, LLC, and PIE SQUARED LLC, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | C.A. No. 06-291 (JJF) |
| | ) | |
| VERIZON INTERNET SERVICES, INC., et al., | ) | |
| | ) | |
| Defendants. | ) | |

**[PROPOSED] ORDER**

WHEREAS, the Court granted in part plaintiff's motion to stay in the case captioned *Inline Connection Corp. v. Verizon Internet Services, Inc., et al.,* C.A. No. 05-866-JJF on April 13, 2006 (D.I. 92) pending the outcome in two related cases, C.A. Nos. 02-272-MPT and 02-477-MPT ("the AOL/Earthlink cases"), on the ground that the same patents are at issue in all cases and that determination of claim construction and infringement in the AOL/Earthlink cases may help determine infringement in C.A. No. 05-866-JJF; and

WHEREAS, the Court in the April 13, 2006 Memorandum Order (D.I. 92, C.A. No. 05-866-JJF) also permitted the parties to proceed with discovery as to defendants'

unenforceability and invalidity defenses to prevent the possible loss of "evidence and witnesses" concerning events of "close to twenty years ago"; and

WHEREAS, plaintiffs have represented to the Court that the Complaint in the case captioned *Broadband Technology Innovations LLC et al. v. Verizon Internet Services, Inc., et al.,* C.A. No. 06-291-JJF, is substantively identical to the Complaint in C.A. No. 05-866-JJF (with the exception of a related, recently issued fifth patent), and that the case C.A. No. 06-291-JJF was brought to address the affirmative defense of lack of standing asserted by defendants in C.A. No. 05-866-JJF and to ensure that the Court may determine the substantive infringement claims against defendants even if a court were ultimately to determine that plaintiff's original Complaint in C.A. No. 05-866-JJF lacked subject matter jurisdiction (D.I. 3, C.A. No. 06-291-JJF); and

WHEREAS, plaintiffs have also requested consolidation of C.A. No. 05-866-JJF with C.A. No. 06-291-JJF subject to the existing orders in C.A. No. 05-866-JJF on discovery and staying the action, so that all proper parties will be represented in a single action for patent infringement;

IT IS HEREBY ORDERED THAT, for the reasons set forth in the April 13, 2006 Memorandum Order (D.I. 92, C.A. No. 05-866-JJF) and in the interests of efficiency, the case C.A. No. 06-291-JJF is stayed on the same terms as C.A. No. 05-866-JJF and also consolidated with C.A. No. 05-866-JJF.

So Ordered this ____ day of _____, 200__.

_____
The Honorable Joseph J. Farnan

549301

2

## CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that on December 20, 2006, I electronically filed the foregoing with the Clerk of the Court using CM/ECF which will send notification of such filing to the following:

> Jeffrey B. Bove
> Connolly Bove Lodge & Hutz LLP

and I further certify that I caused copies to be served upon the following in the manner indicated:

### BY HAND AND ELECTRONIC MAIL

Jeffrey B. Bove
Connolly Bove Lodge & Hutz LLP
1007 N. Orange Street
Wilmington, DE 19801

### BY ELECTRONIC MAIL

John B. Wyss
Kevin Anderson
Wiley Rein & Fielding LLP
1776 K Street, N.W.
Washington, DC  20006
jwyss@wrf.com
kanderson@wrf.com

*/s/ Julia Heaney*
Julia Heaney (#3052)