## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

Broadband Technology Innovations LLC, et al.,

Plaintiffs,

v.                                                    Civil Action No.  06-291 (JJF)

Verizon Internet Services, Inc., et al.,

Defendants.

## VERIZON DEFENDANTS' ANSWERING BRIEF IN OPPOSITION
## TO PLAINTIFFS' MOTION TO CONSOLIDATE

OF COUNSEL:                          Jeffrey B. Bove (#998)
John B. Wyss                         CONNOLLY BOVE LODGE & HUTZ LLP
Kevin P. Anderson                    The Nemours Building
WILEY REIN & FIELDING LLP            1007 North Orange Street, Suite 878
1776 K Street NW                     Wilmington, DE  19801
Washington, DC  20006                Telephone:  302.658.9141
Telephone:  202.719.7000             Facsimile:  302.658.5614
Facsimile:   202.719.7049

                                     Counsel for Verizon Defendants

Dated:   January 5, 2007

## TABLE OF CONTENTS

**Page**

PRELIMINARY STATEMENT ................................................................................ 1

STATEMENT OF THE NATURE AND STAGE OF THE PROCEEDING .............................. 3

SUMMARY OF ARGUMENT ............................................................................... 3

STATEMENT OF FACTS .................................................................................... 5

ARGUMENT .................................................................................................... 7

    I.    Consolidation Would Be A Futile Exercise Because The Court Lacks Subject Matter Jurisdiction Over The *Inline-Verizon* Case. ......................................... 7

    II.    Plaintiffs' Consolidation Motion Is Also An Improper Attempt To Circumvent Procedural Rules. .......................................................................................... 9

    III.    Plaintiffs' Scheduling Order Statement Mischaracterizes The Status Of The Pertinent Litigations. ................................................................................... 10

    IV.    Consolidation Should Also Be Denied For Public Policy Reasons. .................... 12

CONCLUSION ................................................................................................ 14

# TABLE OF AUTHORITIES

Page

*Cardinal Chemical Co. v. Morton International, Inc.*, 508 U.S. 83 (1993) ....................................5, 12

*Ethicon, Inc. v. United States Surgical Corp.*, 135 F.3d 1456 (Fed. Cir. 1998)...................................10

*Pinpoint, Inc. v. Amazon.com, Inc.*, 347 F. Supp. 2d 579 (N.D. Ill. 2004)............................................8

*Pope Manufacturing Co. v. Gormully*, 144 U.S. 224 (1892)...............................................................12

*Sinclair & Carroll Co. v. Interchemical Corp.*, 325 U.S. 327 (1945) ..................................................12

*Speedplay, Inc. v. Bebop, Inc.*, 211 F.3d 1245 (Fed. Cir. 2000).............................................................8

*United States v. Dentsply International, Inc.*, 190 F.R.D. 140 (D. Del. 1999)....................................12

*Walton v. Eaton*, 563 F.2d 66 (3d Cir. 1977) (*en banc*) ..............................................................4, 9, 10

*Warth v. Seldin*, 422 U.S. 490 (1975).....................................................................................................9

The Verizon defendants[1] hereby oppose the Motion To Consolidate (D.I. 22) filed by

Plaintiffs Broadband Technology Innovations, LLC ("BBTI") and Pie Squared LLC ("Pie

Squared") on December 20, 2006. Plaintiffs BBTI and Pie Squared did not submit an opening

brief in support of their motion. Instead, they rely upon the discussion set forth in their

December 20, 2006 "Plaintiffs' Statement Regarding Proposed Scheduling Order" (D.I. 23)

(hereinafter "Plaintiffs' Scheduling Order Statement" or "PSOS").[2]

## PRELIMINARY STATEMENT

Plaintiffs BBTI and Pie Squared, together with their predecessor-in-interest, Inline

Connection Corporation ("Inline"), are attempting to enforce patents against the Verizon

defendants, AOL, EarthLink and other ADSL service providers that are clearly invalid and

anticipated by at least three Section 102(b) prior art references: (a) the AT&T/Coherent system;

(b) the Ithell & Jones Article; and (c) the Seiscor IDVC Technical Manual.[3] Unless these

anticipatory references are considered on their merits, plaintiffs will succeed in wasting this

Court's time, a jury's time and the Federal Circuit's time and resources litigating invalid patents.

BBTI/Pie Squared's counsel originally sued the Verizon defendants "in the name of Inline"

in the Eastern District of Virginia in April 2005. That case was transferred to this Court, and

there is currently pending a fully-briefed motion for summary judgment seeking dismissal of

---

[1]    Verizon Internet Services Inc., GTE.Net LLC, Verizon Services Corp., Telesector Resources Group, Inc., Verizon Corporate Services Group Inc., Verizon Advanced Data Inc., Verizon Avenue Corp., Verizon Delaware Inc. and GTE Southwest Inc. *d/b/a* Verizon Southwest.

[2]    Contrary to the suggestion in footnote 1 of Plaintiffs' Scheduling Order Statement, plaintiffs refused to discuss a joint submission to the Court regarding a proposed Pretrial Scheduling Order and, instead, presented their proposed consolidation order on a "take it or leave it" basis. *See* Exhibit A hereto.

[3]    None of these references was presented to or considered by the PTO during prosecution of the patents-in-suit, primarily because Inline engaged in an improper "keep it alive" strategy of filing and then abandoning a series of identical continuation applications designed to delay substantive prosecution for many years and make it extremely difficult to locate invalidating prior art. *See Inline-Verizon* D.I. 89, at 14-21.

that action for lack of subject matter jurisdiction. *Inline Connection Corp. v. Verizon Internet Servs., et al.*, C.A. No. 05-866 (JJF) (hereinafter *"Inline-Verizon"* case). Although Inline demanded immediate discovery and an early trial when the case was pending in the Virginal federal court, once the case was transferred Inline promptly moved to stay everything pending the outcome in the related *AOL/EarthLink* litigation currently before Magistrate Judge Thynge.[4] *See Inline-Verizon* D.I. 81.

This Court agreed to stay portions of the *Inline-Verizon* case, but expressly allowed the Verizon defendants "to proceed with discovery as to their unenforceability and invalidity defenses" (D.I. 92, at 5). In accordance with the Court's order, the Verizon defendants produced to Inline, BBTI and Pie Squared the three key anticipatory Section 102(b) references. AOL/EarthLink's invalidity expert submitted a supplemental expert report in the *AOL/EarthLink* case confirming anticipation based on certain of these references. Inline, BBTI and Pie Squared, however, have moved to foreclose consideration of the references on purely procedural grounds and, if plaintiffs have their way, the best invalidating prior art will never be considered in the *AOL/EarthLink* litigation.

BBTI's and Pie Squared's present motion to consolidate this case – *i.e., Broadband Technology Innovations LLC, et al. v. Verizon Internet Services, Inc., et al.*, C.A. No. 06-291 (JJF) (hereinafter *"BBTI-Verizon"*) – with the jurisdictionally-defective *Inline-Verizon* action is designed to put the present case "on ice" and prevent the filing of an early motion for summary judgment of patent invalidity based on the Ithell & Jones Article and the Seiscor IDVC Technical Manual. By tying the two cases into a procedural Gordian knot, and excluding the key

---

[4]    *Inline Connection Corp. v. AOL Time Warner, Inc., et al.*, C.A. No. 02-272-MPT, and *Inline Connection Corp. v. Earthlink, Inc.*, C.A. No. 02-477-MPT (hereinafter *"AOL/EarthLink* litigation").

Section 102(b) references from consideration in *AOL/EarthLink*, plaintiffs seek to stave off an otherwise imminent declaration of patent invalidity.

## STATEMENT OF THE NATURE AND STAGE OF THE PROCEEDING

This is a patent infringement action that was filed by plaintiffs BBTI and Pie Squared on May 3, 2006. The Verizon defendants filed a joint answer, and two of the defendants (Verizon Internet Services Inc. and Verizon Delaware Inc.) filed counterclaims on May 25, 2006 (D.I. 16). Plaintiffs answered the counterclaims on June 19, 2006 (D.I. 18). In response to the Court's December 5, 2006 letter to counsel (D.I. 20), the parties submitted their respective statements regarding pretrial scheduling on December 20, 2006 (D.I. 21, D.I. 23).

Plaintiffs BBTI and Pie Squared hold all substantial rights under the patents-in-suit which were previously owned by Inline.[5] As discussed below in the Statement Of Facts, Inline has been litigating the patents in this Court against AOL and EarthLink for more than four and a half years. As Inline's successors-in-interest to the patents at issue, BBTI and Pie Squared are bound by Inline's judicial admissions and representations in the *AOL/EarthLink* litigation.

## SUMMARY OF ARGUMENT

1.     Consolidation of the present *BBTI-Verizon* action with *Inline-Verizon* would be a futile exercise because the Court lacks subject matter jurisdiction over the *Inline-Verizon* case. The Verizon defendants' motion for summary judgment regarding the threshold issues of "ownership" and subject matter jurisdiction in the *Inline-Verizon* action was fully briefed and submitted on September 1, 2006, and is due to be granted. *See* Fed. R. Civ. P. 12(h)(3) ("whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of

---

[5]     The undisputed facts concerning Inline's transfer of all substantial rights under the patents-in-suit to BBTI/Pie Squared in 2004 are set forth in "Verizon Defendants' Opening Brief In Support Of Motion For Summary Judgment Dismissing This Action For Lack Of Subject Matter Jurisdiction" (D.I. 124) filed in the *Inline-Verizon* case.

the subject matter, the court shall dismiss the action"). As a result, there is no other viable action with which the present *BBTI-Inline* case could be properly consolidated.

      2.    Plaintiffs' consolidation motion is an improper attempt to circumvent procedural rules and delay prompt consideration of the fully-briefed threshold jurisdictional motion now pending in the *Inline-Verizon* case. Plaintiffs BBTI and Pie Squared seek to use consolidation to obscure and avoid statute of limitations constraints on their claim for infringement damages, and to circumvent rules prohibiting "relation back" of belated counterclaims. District courts should not grant consolidation of otherwise duplicative actions where, as here, such consolidation would impermissibly "expand the procedural rights [plaintiffs] would have otherwise enjoyed." *See Walton v. Eaton Corp.*, 563 F.2d 66, 70-71 (3d Cir. 1977) (*en banc*).

      3.    In support of their motion to consolidate, Plaintiffs' characterize the defective *Inline-Verizon* case and the present *BBTI-Verizon* case as brand new actions with no substantive development. Such characterizations are highly misleading. Inline, BBTI and Pie Squared have been litigating the patents-in-suit in the *AOL/EarthLink* case for many years. They have already had full discovery regarding the technical aspects of "industry standard ADSL" systems, and have filed literally dozens of briefs containing representations and arguments regarding claim scope and claim construction. Likewise, they have also completed expert discovery on the invalidity issues in *AOL/EarthLink,* including a 72-page report by their invalidity expert, Dr. Beckmann, and two full days of deposition testimony regarding Dr. Beckmann's analysis of the prior art. There is no reason why Dr. Beckmann cannot immediately consider and evaluate the newly-identified Section 102(b) Ithell & Jones and Seiscor references. The simple fact is that plaintiffs and Dr. Beckmann <u>have no substantive response to these anticipatory references which invalidate the patents as a matter of law.</u>

4.    Plaintiffs' motion to consolidate should also be denied for public policy reasons.
There is a clear overriding public interest in eliminating invalid patents that are being misused to
threaten an entire industry.  *See, e.g., Cardinal Chem. Co. v. Morton Int'l, Inc.,* 508 U.S. 83, 100
(1993) (recognizing "importance to the public at large of resolving questions of patent validity").
Plaintiffs' consolidation motion would effectively put the *BBTI-Verizon* case "on ice"
indefinitely, and forestall an early judgment of patent invalidity based on the newly-identified
Section 102(b) prior art references.  This fact, coupled with plaintiffs' simultaneous efforts to
preclude consideration of the newly-identified invalidating references in the *AOL/EarthLink*
litigation would result in a tremendous waste of judicial time and resources and prejudice the
Verizon defendants.

**STATEMENT OF FACTS**

In April-July of 2002, plaintiffs' predecessor-in-interest, Inline, filed a series of patent
infringement complaints in this Court against AOL, EarthLink, Verizon Communications Inc.,
and AT&T.[6]  In August and September 2002, Inline voluntarily dismissed its actions against
AT&T and Verizon– *i.e.,* the two defendants with the best access to invalidating prior art
communications systems.  Thereafter, Inline elected to continue litigation solely against AOL
and EarthLink.

In the *AOL/EarthLink* litigation, the claim construction issues have been extensively
litigated.  Inline's position regarding claim construction is fully set forth in its Markman briefs,
the transcript of the August 2003 Markman hearing, motions for reconsideration of the Markman
rulings, recently filed supplemental "claim construction" briefs, and numerous summary

---

[6]    *Inline Connection Corp. v. AOL Time Warner, Inc., et al.,* Civil Action No. 02-272 (filed April 12, 2002);
*Inline Connection Corp. v. EarthLink, Inc.,* Civil Action No. 02-477 (filed June 4, 2002); *Inline Connection Corp. v.
Verizon Communications, Inc.,* Civil Action No. 02-545 (filed June 12, 2002); and *Inline Connection Corp. v. AT&T
Corp.,* Civil Action No. 02-1341 (filed July 30, 2002).

judgment motions.  Likewise, Inline has had a full and complete opportunity to conduct

infringement discovery regarding so-called "industry standard ADSL" systems.  Finally, Inline

(joined by BBTI and Pie Squared) have completed full expert discovery in the *AOL/EarthLink*

litigation, including a 72-page expert report and two days of deposition testimony from their

expert on invalidity issues.  As a result of the *AOL/EarthLink* case, Inline, BBTI and Pie Squared

have gained a four to five year head start over the Verizon defendants on all substantive issues,

and are already "on record" regarding the issues of claim construction and prior art invalidity.

On April 6, 2005, Inline refiled a patent infringement action against the Verizon

Defendants as a new lawsuit in the Eastern District of Virginia, and requested immediate

discovery and early trial.  The Virginia district court transferred the action to this Court.  Shortly

after transfer, Inline moved to stay the *Inline-Verizon* case pending the outcome of the

*AOL/EarthLink* actions before Magistrate Judge Thynge (D.I. 81).  This Court "granted in part"

Inline's Motion To Stay the *Inline-Verizon* case on April 13, 2006 (D.I. 92).  The Court stayed

that present action "pending an outcome in the two related cases [*i.e.*, *AOL/EarthLink*] in the

District of Delaware" (*id.* at 3), but permitted "the Defendants to proceed with discovery as to

their unenforceability and invalidity defenses" (*id.* at 5).

Consistent with the Court's order, the Verizon defendants located and, on July 10, 2006,

produced to Inline, BBTI and Pie Squared extensive documentation regarding a Data-Over-

Voice ("DOV") communication system that was manufactured by Coherent Technologies for

AT&T and resold by AT&T under its own name in the mid-to-late 1980s (*i.e.*, the

AT&T/Coherent system).  Defendants continued to pursue information – now some 15 to 20

years old – regarding the AT&T/Coherent system and were able to locate additional confirming

documentation that was produced to Inline, BBTI and Pie Squared on September 20 and October

16, 2006. As part of its September 20, 2006 production, the Verizon defendants also provided

plaintiffs with a copy of the recently-identified Ithell & Jones Article, another Section 102(b)

prior art reference. On October 19, 2006, defendants served interrogatory answers that included

detailed element-by-element claim charts showing how the AT&T/Coherent system and the

Ithell & Jones Article fully anticipate the asserted claims at issue here and in the co-pending

*AOL/EarthLink* litigation.

Thereafter, the Verizon defendants were able to identify and document yet another

anticipatory DOV prior art system from the mid-to-late 1980s. The system was manufactured

and sold by Seiscor, a division of Raytheon, and is fully documented in a comprehensive 1985

"Seiscor IDVC Technical Manual." Defendants produced the Seiscor IDVC Technical Manual,

additional confirming documentation, and a detailed element-by-element claim chart to Inline,

BBTI and Pie Squared on December 1, 2006.[7]

## ARGUMENT

### I. Consolidation Would Be A Futile Exercise Because The Court Lacks Subject Matter Jurisdiction Over The *Inline-Verizon* Case.

Pursuant to this Court's July 25, 2006 Order in the *Inline-Verizon* case (D.I. 122), the

Verizon defendants filed a motion for summary judgment seeking dismissal of that action for

lack of subject matter jurisdiction (D.I. 123-125). As of September 1, 2006, defendants'

summary judgment motion regarding the threshold issues of "ownership" and subject matter

jurisdiction was fully briefed and submitted.

---

[7]    Plaintiffs' assertion that the Verizon defendants "have provided no information" as to how the references anticipated any of the so-called "remaining eleven asserted claims" (PSOS at 4) is not correct. The so-called "remaining" claims are generally "dependent" claims and most of the claim elements are purely duplicative of the detailed claim charts provided to plaintiffs on October 19 and December 1. Nonetheless, in order to moot any possible objection in this regard, the Verizon defendants promptly provided supplemental claim charts covering the eleven "remaining" claims four business days after receipt of plaintiffs' PSOS submission.

As shown in the pending motion papers, Inline did not "own" the patents-in-suit on April 6, 2005 when BBTI/Pie Squared's attorneys filed suit "in the name of Inline" in the Eastern District of Virginia, thereby initiating the *Inline-Verizon* action. It is undisputed that, prior to that date, Inline had broadly transferred to BBTI/Pie Squared: (1) the exclusive right to make, use and sell DSL products and services covered by the patents; (2) the sole and unrestricted authority to sublicense these patent rights to third parties; and (3) the sole power both to bring and to settle via license infringement suits.

Under controlling Federal Circuit precedent, this constitutes a transfer of "all substantial rights" under the patents, thereby depriving Inline of <u>constitutional standing</u> necessary for the exercise of federal court subject matter jurisdiction. *Speedplay, Inc. v. Bebop, Inc.*, 211 F.3d 1245, 1250-52 (Fed. Cir. 2000). Because Inline had no constitutional standing when suit was filed, the federal courts never obtained proper subject matter jurisdiction over the *Inline-Verizon* action and this Court has "no choice" but to dismiss. *E.g., Pinpoint, Inc. v. Amazon.com, Inc.*, 347 F. Supp. 2d 579, 581, 586 (N.D. Ill. 2004).

The *Inline-Verizon* action is thus a legal nullity that must be dismissed for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12 (h)(3)("Whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action"). As a result, there is no other viable action with which the present case could be properly consolidated, and plaintiffs' present motion appears primarily designed to distract the Court from the clear jurisdictional defects in the *Inline-Verizon* case.[8]

---

[8]      Contrary to plaintiffs' assertion (PSOS at 2), the present *BBTI-Verizon* case is not merely "belts and suspenders" to the defective *Inline-Verizon* suit. To the contrary, it is a separate action brought by the *de facto* owners of the patents-in-suit and the <u>only</u> lawsuit over which this Court has proper subject matter jurisdiction. A true "belts and suspenders" action would have named BBTI, Pie Squared and Inline as plaintiffs. Instead, the present action was filed solely by BBTI and Pie Squared and constitutes a <u>judicial admission</u> that these two parties – and <u>only</u> these two parties – have the requisite constitutional standing to sue.

## II.    Plaintiffs' Consolidation Motion Is Also An Improper Attempt To Circumvent Procedural Rules.

Plaintiffs' motion to consolidate the present *BBTI-Verizon* case with the jurisdictionally-defective *Inline-Verizon* action is also an improper attempt to circumvent a variety of procedural rules and statutory limitations. The Third Circuit has previously cautioned district courts against consolidating otherwise duplicative actions where such consolidation might obscure and avoid existing procedural constraints. *Walton v. Eaton*, 563 F.2d at 70-71.

In its *Walton* opinion, the Court of Appeals noted that: "At the outset, it is clear that [plaintiff] had no right to maintain two separate actions involving the same subject matter at the same time in the same court and against the same defendant." *Id.* at 70. Before allowing consolidation of such overlapping actions, the district court must "carefully insure[] that the plaintiff does not use the tactic of filing two substantially identical complaints to expand the procedural rights he would have otherwise enjoyed," such as "circumventing the rules pertaining to the amendment of complaints." *Id.* at 71.

Plaintiffs' motion to consolidate contravenes the *Walton* principles in a number of ways. First, consolidation would likely delay a prompt decision on the fully-briefed jurisdictional motion that is now pending in the *Inline-Verizon* case. Subject matter jurisdiction is a threshold issue that must be resolved at the outset, because it determines "the power of the court to entertain the suit." *Warth v. Seldin*, 422 U.S. 490, 498 (1975).

Second, consolidation would allow plaintiffs to obscure and avoid statute of limitations constraints on their claim for infringement damages. The *Inline-Verizon* suit – over which the Court has no jurisdiction – was improperly filed "in the name of Inline" in April 2005, while the present action by the true "owners" of the patents was not filed until more than a year later in

May 2006. By attempting to consolidate this action with the defective *Inline-Verizon* case,

plaintiffs hope to gain – *sub silento* – an additional year of potential damage liability.

Third, even were the Court to conclude that Inline had carried its burden of proof regarding

constitutional standing in the *Inline-Verizon* case – which it has not – that action is still invalid

for failure to join all co-owners as plaintiffs. *Ethicon, Inc. v. United States Surgical Corp.*, 135

F.3d 1456, 1467 (Fed. Cir. 1998) ("an action for infringement must join as plaintiffs all co-

owners"). It is undisputed that: (a) Pie Squared held an undivided 5% interest in the patents-in-

suit when the *Inline-Verizon* case was filed in the Eastern District of Virginia; (b) this ownership

interest was well known to counsel for Inline, BBTI and Pie Squared; (c) the complaint filed "in

the name of Inline" deliberately omits any mention of Pie Squared's ownership interest; and

(d) Pie Squared was not joined as a plaintiff to the original suit. Indeed, Pie Squared did not

assert any claim in the *Inline-Verizon* action until the belated May 4, 2006 filing of the BBTI/Pie

Squared counterclaims, which do not relate back to the original complaint's filing date. In this

way, plaintiffs' consolidation motion is being improperly used "for the purpose of circumventing

rules pertaining to amendment of complaints." *See Walton v. Eaton*, 563 F.3d at 71.

For all these reasons, plaintiffs' motion to consolidate should be denied until after the

Court rules upon the pending threshold jurisdictional motion in the *Inline-Verizon* action. To the

extent there is anything left of the *Inline-Verizon* case, the Court would then have to carefully

consider whether the cases could be consolidated without circumventing procedural rules or

impermissibly expanding potential damage claims.

### III.    Plaintiffs' Scheduling Order Statement Mischaracterizes The Status Of The Pertinent Litigations.

In moving for consolidation, plaintiffs seek to characterize both the defective *Inline-*

*Verizon* case and the *BBTI-Verizon* case as brand new actions with no substantive background or

development. *See, e.g.*, PSOS at 3 ("very early state of discovery"; expert discovery is "a long way off"; "the claims have not been construed"). These characterizations are misleading and ignore the many years of litigation activity by Inline, BBTI and Pie Squared in the *AOL/EarthLink* case.

- Inline, BBTI and Pie Squared have already had full discovery from AOL and EarthLink regarding the technical aspects of "industry standard ADSL." The same industry technical standards for ADSL systems apply equally to other ADSL providers of internet access, including the Verizon defendants. Thus, plaintiffs claim of "unfairness" that they cannot "even begin discovery on the issues they care about" (PSOS at 5) is baseless given the fact that they have already conducted years of "infringement" discovery regarding ADSL technology.

- Inline, BBTI and Pie Squared are already "on record" in the *AOL/EarthLink* litigation concerning claim construction issues. They have filed dozens of briefs containing representations and arguments regarding the scope and proper construction of the claims at issue. These representations and arguments constitute judicial admissions that cannot be disavowed.

- Inline, BBTI and Pie Squared are also "on record" in the *AOL/EarthLink* litigation regarding the issues of prior art anticipation and obviousness. Although they are attempting to foreclose Judge Thynge's consideration of the best invalidating prior art – *i.e.*, the Section 102(b) AT&T/Coherent, Ithell & Jones and Seiscor references– their invalidity expert, Dr. Beckmann, has already submitted a 72-page report analyzing other prior art references and has been deposed for two full days regarding his analysis and conclusions. At no time have plaintiffs ever suggested that Dr. Beckmann cannot readily consider and evaluate the Ithell & Jones Article and the Seiscor IDVC Technical Manual. Rather, both plaintiffs and

11

Dr. Beckmann recognize that they have no substantive response to these anticipating references and their only hope is to keep them out of the *AOL/EarthLink* case on procedural grounds.

In sum, this is not a "new" case in any real world sense. To the contrary, as discussed in the next section, the *BBTI-Verizon* case is appropriate for an early motion for summary judgment of patent invalidity based on the Ithell & Jones Article and the Seiscor IDVC Technical Manual.

## IV.   Consolidation Should Also Be Denied For Public Policy Reasons.

Even where the standard requirements of common factual or legal issues are met, consolidation can and should be denied if there are countervailing public interest considerations. *See United States v. Dentsply Int'l, Inc.*, 190 F.R.D. 140 (D. Del. 1999) (consolidation denied based on public policy considerations). Here, there is a clear overriding public interest that "competition should not be repressed by worthless patents..." *Pope Mfg. Co. v. Gormully*, 144 U.S. 224, 234 (1892); *Sinclair & Carroll Co. v. Interchemical Corp.*, 325 U.S. 327, 330 (1945) (as between infringement and validity, "validity has the greater public importance"); *Cardinal Chem. v. Morton Int'l*, 508 U.S. 100 (recognizing "importance to the public at large of resolving questions of patent validity").

Plaintiffs' motion to consolidate is plainly designed to put the present *BBTI-Verizon* action "on ice" indefinitely, and thereby delay an ultimate judgment of patent invalidity based on the key Section 102(b) prior art references. This raises significant public interest concerns given plaintiffs' simultaneous efforts to foreclose Judge Thynge's consideration of the newly-identified invalidating prior art in the *AOL/EarthLink* litigation on procedural grounds.[9] First, such efforts negate the fundamental premise of Inline's original motion to stay the *Inline-Verizon* case – *i.e.*, "If the AOL defendants secure rulings on issues relating to the asserted patents [in

---

[9]      *See AOL/EarthLink*: D.I. 526, 534 and 580.

12

*AOL/EarthLink*], the ruling might well remove those same issues from this case" (D.I. 81, at 6).

Second, plaintiffs' efforts, if successful, <u>would result in a tremendous waste of judicial time and</u>

<u>resources</u>, since any trial in *AOL/EarthLink* that does not include the AT&T/Coherent, Ithell &

Jones and Seiscor prior art would be a nullity once those references are considered and the

patents invalidated in the present *BBTI-Verizon* case.

In order to avoid such waste of resources, as well as potential prejudice to the Verizon

defendants from any validity decision in *AOL/EarthLink* that does not consider the recently-

located Section 102(b) references, the Verizon defendants have submitted a proposed scheduling

order that contemplates an early motion for summary judgment of patent invalidity based on

(1) the Ithell & Jones Article and (2) the Seiscor IDVC Technical Manual. *See* Exhibit A to

D.I. 21 in *BBTI-Verizon* case.

Each of these two references is self-authenticating, relatively brief, independent and

autonomous. A summary judgment motion for patent invalidity based on these two references is

particularly appropriate because:

- There can be no factual dispute regarding the authenticity and contents of each of these two Section 102(b) references.

- Inline's and plaintiffs' positions and admissions regarding claim construction are already a matter of record in the *AOL/EarthLink* litigation.

- Each of the references clearly and explicitly discloses each claim element, thereby rendering the patent claims invalid as anticipated.

- The Verizon defendants have already provided plaintiffs with detailed claim charts covering all of the asserted claims.[10]

Plaintiffs' conclusory claim that they "will need to conduct substantial fact discovery

to fully understand the allegedly anticipatory references" (PSOS at 5) is unsupported and

---

[10]     As discussed *supra*, n.8, plaintiffs' assertion that they have been "provided no information" as to how the references anticipate "any of the remaining eleven asserted claims" (PSOS at 4) is both incorrect and now moot.

baseless. The Ithell & Jones Article is only 6 pages long, is self-authenticating and speaks for itself. Likewise, the Seiscor IDVC Technical Manual consists of less than 50 pages, is again self-authenticating and its contents are undisputed. Plaintiffs were provided with a detailed claim chart and anticipation analysis for the Ithell & Jones Article by AOL/EarthLink's expert months ago, and have received similar detailed claim charts for both Ithell & Jones and the Seiscor IDVC Technical Manual from the Verizon defendants.

In sum, plaintiffs' motion to consolidate should be denied and an early summary judgment motion should be scheduled in the present *BBTI-Verizon* case based upon the fully-anticipatory Ithell & Jones and Seiscor references. Plaintiffs should not be allowed to burden this Court, the Verizon defendants or any other ADSL providers (including AOL and EarthLink) with continued litigation over patents that are clearly invalid as a matter of law.

## CONCLUSION

For the foregoing reasons, plaintiffs' motion to consolidate should be denied.

Respectfully submitted,

By:   */s/   Jeffrey B. Bove*
    Jeffrey B. Bove (#998)
    CONNOLLY BOVE LODGE & HUTZ LLP
    The Nemours Building
    1007 North Orange Street, Suite 878
    Wilmington, DE  19801
    Telephone:  302.658.9141
    Facsimile:  302.658.5614

OF COUNSEL:
John B. Wyss
Kevin P. Anderson
WILEY REIN & FIELDING LLP
1776 K Street NW
Washington, DC  20006
Telephone: 202.719.7000
Facsimile: 202.719.7049

Dated:      January 5, 2007

    Counsel for Verizon Defendants

14

## CERTIFICATE OF SERVICE

I hereby certify that on January 5th, 2007 a true copy of the *Verizon Defendants' Answering*

*Brief In Opposition To Plaintiffs' Motion To Consolidate* was sent to plaintiffs' and

counterclaim-defendants' counsel, in the manner indicated, upon:

Michael K. Plimack, Esq.                    (Served electronically and by overnight delivery)
Alexander L. Brainerd, Esq.
HELLER EHRMAN LLP
333 Bush Street
San Francisco, California 94104
Alexander.Brianerd@hellerehrman.com
Michael.Plimack@hellerehrman.com

Carl S. Nadler, Esq.                        (Served electronically and by overnight delivery)
Heller Ehrman White & McAuliffe LLP
1717 Rhode Island Avenue, NW
Washington, DC  20036
carl.nadler@hellerehrman.com

C. Joël Van Over, Esq.                      (Served electronically and by overnight delivery)
BINGHAM MCCUTCHEN LLP
3000 K Street, NW, Suite 300
Washington, DC 20007-5116
joel.vanover@bingham.com

Julia Heaney, Esq.                          (Served by hand delivery)
MORRIS NICHOLS ARSHT & TUNNELL LLP
1201 N. Market Street
Post Office Box 1347
Wilmington, Delaware 19899-1347
jheaney@mnat.com

                              */s/ Jeffrey B. Bove*
                                Jeffrey B. Bove (#998)
                                Telephone: (302) 658-9141

Exhibit A

# HellerEhrman LLP

December 18, 2006

Carl S. Nadler
carl.nadler@hellerehrman.com
Direct (202) 912-2575
Main +1.202.912.2000
Fax +1.202.912.2020

42102.0001

*Via  Email*

John B. Wyss, Esq.
Wiley Rein & Fielding LP
1776 K Street, NW
Washington, DC  20006-2304

**Re:    Broadband Technology Innovations LLC v. Verizon Services Corp.,
Case No. 06-291 JJF (D. Del.)**

Dear John:

I am writing further to our discussion on Thursday regarding the Court's December 5, 2006 letter requesting that the parties submit a joint Proposed Pretrial Scheduling Order. Attached you will find the draft Scheduling Order we plan to submit to the Court.  If this is acceptable to Verizon, please advise and we can prepare a joint submission.

If this draft order is not acceptable to Verizon, then we plan to submit it with a short separate statement explaining why this is the appropriate schedule at this time.  If Verizon cannot agree to the attached draft Order, we do not believe a joint submission is advisable.

Finally, be advised that given the posture of this case and the stay already in effect in the *Inline* case, Plaintiffs would oppose a schedule allowing Verizon to bring a dispositive motion related to anticipation at this time.

Best regards,

Carl S. Nadler

Heller Ehrman LLP  1717 Rhode Island Avenue, NW,  Washington, D.C.  20036-3001  www.hellerehrman.com

Anchorage     Beijing     Hong Kong     Los Angeles     Madison, WI     New York     San Diego     San Francisco     Seattle
Silicon Valley     Singapore     **Washington, D.C.**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| BROADBAND TECHNOLOGY INNOVATIONS, LLC, and PIE SQUARED LLC, | ) ) ) | |
| Plaintiffs, | ) ) ) | |
| v. | ) ) | C.A. No. 06-291 (JJF) |
| VERIZON INTERNET SERVICES, INC.; GTE.NET LLC d/b/a VERIZON INTERNET SOLUTIONS; VERIZON SERVICES CORP.; TELESECTOR RESOURCES GROUP, INC. d/b/a VERIZON SERVICES GROUP; VERIZON CORPORATE SERVICES GROUP INC. d/b/a VERIZON SERVICES GROUP; VERIZON ADVANCED DATA INC.; VERIZON AVENUE CORP.; GTE SOUTHWEST INC. d/b/a VERIZON SOUTHWEST; and VERIZON DELAWARE INC., | ) ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) ) | |

## ORDER

WHEREAS, the Court granted in part plaintiff's motion to stay in the related case *Inline Connection v. Verizon Internet Services, Inc., et al.*, C.A. No. 05-866-JJF on April 13, 2006 (D.I. 92) pending the outcome in two related cases, C.A. Nos. 02-272-MPT and 02-477-MPT ("the AOL/Earthlink cases"), on the ground that the same patents are at issue in all cases and that determination of claim construction and infringement in the AOL/Earthlink cases may help determine infringement in C.A. No. 05-866-JJF; and

WHEREAS, the Court in the April 13, 2006 Memorandum Order (D.I. 92, C.A. No. 05-866-JJF) also permitted the parties to proceed with discovery as to defendants' unenforceability and invalidity defenses to prevent the possible loss of "evidence and witnesses" concerning events of "close to twenty years ago" ; and

WHEREAS, plaintiffs have represented to the Court that the Complaint in this case is substantively identical to the Complaint in C.A. No. 05-866-JJF (with the exception of a related, recently issued fifth patent), and that this case was brought to address the affirmative defense of lack of standing brought by defendants in C.A. No. 05-866-JJF and to ensure that the Court may determine the substantive infringement claims against defendants even if a court were ultimately to determine that plaintiff's original Complaint in C.A. No. 05-866-JJF lacked subject matter jurisdiction (D.I. 3); and

WHEREAS, plaintiffs have also requested consolidation of this case with C.A. No. 05-866-JJF subject to the existing orders in C.A. No. 05-866-JJF on discovery and staying the action, so that all proper parties will be represented in a single action for patent infringement (D.I. 3);

IT IS HEREBY ORDERED THAT, for the reasons set forth in the April 13, 2006 Memorandum Order (D.I. 92, C.A. No. 05-866-JJF) and in the interests of efficiency, this case is stayed on the same terms as C.A. No. 05-866-JJF and also consolidated with C.A. No. 05-866-JJF.

549301

SO ORDERED

Dated: _____, 2006        _____

                                    UNITED STATES DISTRICT COURT JUDGE