IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| INLINE CONNECTION CORPORATION, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 05-866 (JJF) |
| | ) | |
| VERIZON INTERNET SERVICES, INC., et al., | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |
| | ) | |
| BROADBAND TECHNOLOGY INNOVATIONS LLC, and PIE SQUARED LLC, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | C.A. No. 06-291 (JJF) |
| | ) | |
| VERIZON INTERNET SERVICES, INC., et al., | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

**PLAINTIFFS' REPLY BRIEF IN SUPPORT
OF THEIR MOTION TO CONSOLIDATE**

|  |  |
|---|---|
|  | MORRIS, NICHOLS, ARSHT & TUNNELL LLP |
|  | Mary B. Graham (#2556) |
|  | Julia Heaney (#3052) |
| OF COUNSEL: | 1201 N. Market Street |
| Alexander L. Brainerd | P.O. Box 1347 |
| Michael K. Plimack | Wilmington, DE  19899-1347 |
| HELLER EHRMAN LLP | (302) 658-9200 |
| 333 Bush Street |   Attorneys for Plaintiff Inline Connection |
| San Francisco, CA  94104-2878 |   Corporation and Plaintiffs Broadband Technology |
| (415) 772-6000 |   Innovations, LLC and Pie Squared LLC |

Carl S. Nadler
HELLER EHRMAN LLP
1717 Rhode Island Avenue, N.W.
Washington, DC  20036
(202) 912-2000

January 12, 2007

i.

TABLE OF CONTENTS

| | Page |
|---|---|
| TABLE OF CITATIONS | ii |
| SUMMARY OF ARGUMENT | 1 |
| STATEMENT OF FACTS | 2 |
| ARGUMENT | 4 |
| I. VERIZON'S PENDING MOTION TO DISMISS PRESENTS NO IMPEDIMENT TO CONSOLIDATION OF THESE CASES | 5 |
| II. VERIZON IS SIMPLY INCORRECT THAT PLAINTIFFS' MOTION TO CONSOLIDATE CIRCUMVENTS ANY PROCEDURAL RULE | 5 |
| III. PLAINTIFF'S SCHEDULING ORDER DID NOT MISTATE THE STATUS OF THE CASES | 7 |
| IV. PUBLIC POLICY DEMANDS THAT THIS CASE PROCEED IN AN ORDERLY AND FAIR MANNER | 8 |
| CONCLUSION | 9 |

ii.

## TABLE OF AUTHORITIES

**CASES**

*Walton v. Eaton*,
   563 F.2d 66 (3d Cir. 1977) (*en banc*) ....................................................................................... 5-6

1.

## SUMMARY OF ARGUMENT

The Court should consolidate these cases and extend the stay in the *Inline* matter (D.I. 92) to both matters. Plaintiffs filed the *BBTI* case only to ensure that the Court would reach the merits even if it decided (though it should not) that Inline was not the proper plaintiff. As such, these are not really separate suits: they seek only one fair opportunity to present plaintiffs' claims. For this reason, the Court should address the suits in a consolidated fashion.

Verizon's opposition has nothing to do with the most efficient way to resolve *these* cases. Verizon seeks to file a premature dispositive motion — at the very outset of these cases, even before a scheduling order has been entered — in order to save *Magistrate Judge Thynge* from a "tremendous waste of judicial time and resources" in trying the *AOL/Earthlink* case next month. *See* D.I. 153, at 2, 13 ("Opp."). But the *AOL/Earthlink* trial is set to commence February 7, 2006, and will be completed long before any dispositive motion in this case could be fully briefed, let alone decided.

More fundamentally, Magistrate Judge Thynge has now ruled that the defendants may rely on Verizon's new prior art at the February 5, 2007 *AOL/Earthlink* trial.[1]  There is thus every reason to continue the stay of these cases pending a determination on infringement and validity (including validity in light of Verizon's new references) in the *AOL/Earthlink* case.

---

[1]   January 8, 2007 Memorandum Opinion granting in-part and denying in-part Inline's Motion In Limine to exclude David Waring's Supplemental Expert Report and testimony related thereto.

2.

## STATEMENT OF FACTS

***The Inline Case.*** When the *Inline* case was transferred to the Court, all parties asked the Court to stay the suit pending resolution of the related *AOL* and *Earthlink* cases. The Court agreed, finding that "discovery is in the beginning stages" and a stay would "simplify the issues raised by the parties" because "the jury's verdict on infringement may help determine whether there is infringement in this case." (D.I. 92, at 3).

The Court recognized, however, Verizon's concern that events related to its invalidity and enforceability defenses "occurred close to twenty years ago." *Id.*, at 4. Because of the danger that "witnesses are forgetting or dying and evidence is being lost or destroyed," the Court stayed all proceedings in the *Inline* matter except for discovery as to Verizon's "unenforceability and invalidity defense." *Id.*, at 5. Pursuant to the Court's direction the parties have conducted limited documentary discovery on these issues.

While the case was stayed, Verizon claimed that Inline is not the appropriate plaintiff. (*See, e.g.*, D.I. 88, 90). After first asserting this argument in the Eastern District of Virginia, Verizon moved to dismiss this case for lack of subject matter jurisdiction. Inline vigorously disagrees and asserts that it is the proper plaintiff to pursue the suit. The parties have fully briefed this issue for the Court's decision. (*See* D.I. 124, 131, 139, 141, 142). In addition, the parties Verizon claims have standing to pursue these patent claims — BBTI and Pie Squared — joined the *Inline* case as counter-claim plaintiffs on May 24, 2006 (D.I. 103).

***The BBTI Case.*** In an explicit "belt-and-suspenders" safeguard, however, plaintiffs on May 3, 2006 also filed a separate suit (asserting the same claims) in the

3.

name of BBTI and Pie Squared, the parties Verizon claims have standing to pursue these patent claims. The Verizon defendants answered, but there has been no activity whatsoever in this case pending the Court's resolution of Verizon's motion to dismiss the *Inline* case.

On December 5, 2006, the Court asked the parties to submit scheduling proposals for the *BBTI* litigation. Plaintiffs proposed that the *BBTI* case be consolidated with and stayed in the same fashion as the *Inline* litigation. (D.I. 151, 152). Verizon, on the other hand, proposed that it be allowed to file a dispositive motion based on purportedly anticipatory prior art, "[i]n order to avoid a wasted, multi-week jury trial in the *AOL/EarthLink* cases. . . ." (D.I. 21 in the ***BBTI*** case).

***The AOL/Earthlink Cases***. Magistrate Judge Thynge has set these cases for a six-day trial beginning February 5, 2007. Various summary judgment and in limine motions have been filed, some of which remain pending for decision. In addition, the parties continue to dispute (and the Court has not yet ruled upon) the meaning of several key claim terms, including:

- "a telephone wiring network used for passing telephone signals in a telephone voice band between a plurality of telephone devices and a telephone exchange, comprising:"
- "telephone wiring network"
- "telephone voice band"
- "telephone signals in the voice band"
- "circuitry"
- "circuitry for transmitting to selected sets"

4.

- "circuitry for selecting"

- "transceiver"

- "circuitry for communicating with the signal interface in a high frequency band"; and

- "branch network".

On January 8, 2007, Magistrate Judge Thynge denied Inline's motion to exclude Verizon's new prior art from the *AOL/Earthlink* trial next month.  For this reason, the February 5, 2006 trial in that case will give full consideration to the art Verizon wishes to assert in its premature dispositive motion here.

## ARGUMENT

Verizon submits nothing meriting reconsideration of this Court's decision to stay this litigation pending the *AOL/Earthlink* trial next month.  The outcome of that trial will clarify and simplify — and could resolve altogether — the disputes in this litigation.  Of particular relevance here, the trial will address directly the art Verizon would assert in its proposed dispositive motion, and as such will inevitably limit and clarify the significance (if any) of that art.  Because the *AOL/Earthlink* trial is set for early next month, moreover, continuing the stay presents no risk of prejudice to the Verizon defendants.

Nor should this Court take any action — and certainly not the unprecedented action of allowing a summary judgment motion at the very outset of the case — out of concern for the *AOL/Earthlink* lawsuit.  *Magistrate Judge Thynge* has already resolved the treatment of Verizon's new prior art *in that case*.  Verizon's

5.

proposal — that *this Court* intervene out of concern that the *AOL/Earthlink* case would be wasteful — is now as moot as it was improper.

I. VERIZON'S PENDING MOTION TO DISMISS PRESENTS NO IMPEDIMENT TO CONSOLIDATION OF THESE CASES

Verizon re-hashes its meritless argument that Inline is not the proper plaintiff to pursue this action. (Opp. at 7-8). As the Court knows, Inline strongly disagrees and has fully briefed the reasons the Court should *not* dismiss its case for lack of jurisdiction. *See* D.I. 131. Even if the Court were to find that Inline is an improper plaintiff, moreover, the case would continue because BBTI and Pie Squared — precisely the parties Verizon claims are the proper plaintiffs — have filed counter-counterclaims against Verizon in the *Inline* suit.

In any event, Verizon offers no reason the cases should not be consolidated and stayed. The Court will eventually rule on Verizon's claim that Inline is not the proper plaintiff. There is no reason that the consolidated *Inline* and *BBTI* cases now would interfere with the Court's ability to enter an appropriate ruling on Verizon's pending ruling. To the contrary, consolidation would ensure that the Court has only one coordinated case asserting plaintiffs claims no matter how it rules on Verizon's motion to dismiss.

II. VERIZON IS SIMPLY INCORRECT THAT PLAINTIFFS' MOTION TO CONSOLIDATE CIRCUMVENTS ANY PROCEDURAL RULE

Relying entirely on *Walton v. Eaton*, 563 F.2d 66 (3d Cir. 1977) (*en banc*), Verizon asserts that plaintiffs' motion to consolidate somehow is an "improper attempt to

6.

circumvent a variety of procedural rules and statutory limitations." (Opp. at 9-10). Verizon is wrong, for several independent reasons.

The *Walton* case, in fact, strongly supports consolidation here. The *Walton* case found the trial court's consolidation of two cases with overlapping subject matter "*obviously unobjectionable*" and went on to explain:

> When a court learns that two possibly duplicative actions are pending on its docket, consolidation ***may well be the most administratively efficient procedure***. If the second complaint proves to contain some new matters, consolidation unlike dismissal of the second complaint without prejudice or staying the second action will avoid two trials on closely related matters. If, on the other hand, the second complaint proves to contain nothing new, consolidation of the two actions will cause no harm provided that the district court carefully insures that the plaintiff does not use the tactic of filing two substantially identical complaints to expand the procedural rights he would have otherwise enjoyed.

563 F.2d at 71 (emphasis added).

So here. Consolidation will ensure that no matter how the Court rules on Verizon's motion to dismiss, the Court has a single action before it and avoids any risk of "two trials on closely related matters." In any event, as the *Walton* court noted, there is no harm in consolidating these actions.

Verizon's claims that it will be harmed by consolidation simply do not pass scrutiny. It claims that consolidation will somehow "delay a prompt decision" on its pending motion to dismiss. (Opp. at 9). But Verizon does not even attempt to explain why consolidation would prevent this Court from issue a prompt decision on that pending motion. Moreover, Verizon claims consolidation would "obscure and avoid" statute of limitations defenses Verizon might otherwise have. *Id.* But there is no statute of

7.

limitations issue even pending before the Court, and Verizon does not attempt to explain how consolidation would prevent the Court from issuing an appropriate ruling on any statute of limitations claim Verizon might later assert.

Finally, Verizon claims consolidation is improper because Pie Squared did not join the *Inline* case as a counter-counterclaim plaintiff in May, 2006. (Opp. at 10). But any argument about when Pie Squared did or should have joined the *Inline* case has nothing whatsoever to do with consolidation of the *Inline* and *BBTI* cases. Verizon did not challenge Pie Squared's counter-counterclaim when it was filed in May, 2006. If it still has a timely challenge (and plaintiffs do not believe it ever had a valid challenge of any sort) Verizon should assert that claim directly in the *Inline* case. Any such dispute is completely irrelevant to the present motion to consolidate and stay.

### III. PLAINTIFF'S SCHEDULING ORDER DID NOT MISTATE THE STATUS OF THE CASES

Verizon accuses plaintiffs of misstatement in suggesting that the *Inline* and *BBTI* cases are at an early stage of the litigation. (Opp. at 10-11). With respect to the *Inline* case, the Court itself noted in its stay order that "discovery is in the beginning stages and a date for trial has not yet been set." D.I. 92, at 3. This remains correct today: the parties' documentary discovery is incomplete and there have been no fact depositions or expert discovery of any kind. In the *BBTI* case, there has been no discovery whatsoever.

Verizon disingenuously asserts that plaintiffs have conducted extensive discovery in the *AOL/Earthlink* cases that is directly applicable to this case. (Opp. at 11-12). But the *AOL/Earthlink* cases focus on the infringement and validity issues presented *in that case*, which are plainly different from those at issue here. For example, with

8.

respect to infringement, Verizon asserts that plaintiffs have "already had full discovery from AOL and EarthLink regarding the technical aspects of the 'industry standard ADSL' and that these standards apply equally to the Verizon defendants. (Id.) But because of the stay, plaintiffs have not been able to pursue infringement discovery to confirm how Verizon implements ADSL service. Moreover, in the *AOL/Earthlink* cases, plaintiffs' infringement case has been limited to customers who receive ADSL service by means of remote terminals. If this ruling applies to this case (as Verizon contends) plaintiffs need discovery of which Verizon customers are served by remote terminals. With respect to validity, plaintiffs have not retained Dr. Beckmann to assist in the Verizon cases. Verizon's suggestion that plaintiffs divert Dr. Beckmann's attention from preparing for a trial set to begin in less than 30 days just to facilitate Verizon's premature dispositive motion (Opp. at 11) is presumptuous and improper.

### IV. PUBLIC POLICY DEMANDS THAT THIS CASE PROCEED IN AN ORDERLY AND FAIR MANNER

Finally, Verizon is simply incorrect that the "public interest" requires an early summary judgment motion in *this* case to prevent Magistrate Judge Thynge from committing a "tremendous waste" in allowing the *AOL/Earthlink* cases to proceed. (Opp. at 12-14). Magistrate Judge Thynge has already ruled on the admissibility of Verizon's new prior art in the *AOL/Earthlink* cases. Verizon's suggestion that this Court intervene to rescue Magistrate Judge Thynge's case is unnecessary and was entirely inappropriate in the first place.

What public policy demands is that *this* case proceed in a fair and orderly manner. This includes not permitting Verizon to abuse the Court's limited stay to secure an early ruling on the validity issues *it* cares about while the infringement issues

9.

important to plaintiffs remain stayed.  This is particularly true now that it is clear the Court will consider Verizon's new prior art in the *AOL/Earthlink* trial.  Not only will that Court's decision inform this Court with respect to the references, but it is entirely possible that if this Court were to consider Verizon's dispositive motion concurrently with the *AOL/Earthlink* trial, it may come to contradictory conclusions.

Public policy demands the *BBTI* case be consolidated with, and stayed on the same terms as, the *Inline* case in order to preserve judicial resources and prevent the same Court from reaching inconsistent results.  Public policy further demands that plaintiffs be afforded adequate time for fact and expert discovery concerning Verizon's claimed prior art references before facing a dispositive motion based on them.

## CONCLUSION

The Court should consolidate the *Inline* and *BBTI* cases and extend the *Inline* stay (D.I. 92) to both cases.  Doing so serves the same interests of efficiency that prompted the Court to stay the *Inline* case in the first instance, and there is no prejudice whatsoever to Verizon.

|  |  |
|---|---|
|  | MORRIS, NICHOLS, ARSHT & TUNNELL LLP |
| OF COUNSEL: |  |
| Alexander L. Brainerd | */s/ Julia Heaney (#3052)* |
| Michael K. Plimack | Mary B. Graham (#2556) |
| HELLER EHRMAN LLP | Julia Heaney (#3052) |
| 333 Bush Street | 1201 N. Market Street |
| San Francisco, CA  94104-2878 | P.O. Box 1347 |
| (415) 772-6000 | Wilmington, DE  19899-1347 |
|  | (302) 658-9200 |
| Carl S. Nadler | jheaney@mnat.com |
| HELLER EHRMAN LLP | Attorneys for Plaintiff Inline Connection |
| 1717 Rhode Island Avenue, N.W. | Corporation and Plaintiffs Broadband Technology |
| Washington, DC  20036 | Innovations, LLC and Pie Squared LLC |
| (202) 912-2000 |  |

January 12, 2007
666911

**CERTIFICATE OF SERVICE**

I, Julie Heaney, hereby certify that on January 12, 2007, I electronically filed the foregoing with the Clerk of the Court using CM/ECF which will send notification of such filing to the following:

>Jeffrey B. Bove
>Connolly Bove Lodge & Hutz LLP

and I further certify that I caused copies to be served upon the following in the manner indicated:

**BY HAND AND ELECTRONIC MAIL**

Jeffrey B. Bove
Connolly Bove Lodge & Hutz LLP
1007 N. Orange Street
Wilmington, DE 19801

**BY ELECTRONIC MAIL**

John B. Wyss
Kevin Anderson
Wiley Rein & Fielding LLP
1776 K Street, N.W.
Washington, DC 20006
jwyss@wrf.com
kanderson@wrf.com

*/s/ Julia Heaney (#3052)*
Julia Heaney (#3052)